```
     CCPCVMN                 SUPREME COURT - STATE OF NEW YORK    DATE: 04/16/2008
 INDEX NO: 111290 2006 E          NEW YORK COUNTY CLERK           TIME: 11:13:24
 PURCHASE: 08112006          CIVIL INDEX MINUTE BOOK INQUIRY

 PLAINTIFF NAME: SANTACROSE DEAN       DEFENDANT NAME: PFIZER INC
       ATTORNEY: RONALD R. BENJAMIN          ATTORNEY: UNKNOWN
                 126 RIVERSIDE DRIVE
                 BINGHAMTON, NEW YOR
                 1-607 772-1442
SEQ  DATE                   MINUTES
0001 08112006               SUMMONS AND COMPLAINT


0001 09252006               ANSWER


0001 11142006               INTERROGATORIES


0001 03062008               DISMISSAL STIPULATION WITH PREJUDICE
                            AGAINST PFIZER DEFENDANTS

                                              NEXT INDEX NUMBER:        /
 F2=PRINT  F3=EXIT  F5=VIEW NEXT  F7=BACKWARD  F8=FORWARD  F12=EXIT MAIN
```

CCPCVMN
SUPREME COURT - STATE OF NEW YORK
DATE: 04/16/2008
INDEX NO: 111290 2006 E
NEW YORK COUNTY CLERK
TIME: 11:13:24
PURCHASE: 08112006
CIVIL INDEX MINUTE BOOK INQUIRY

PLAINTIFF NAME: SANTACROSE DEAN
ATTORNEY: RONALD R. BENJAMIN
126 RIVERSIDE DRIVE
BINGHAMTON, NEW YOR
1-607 772-1442

DEFENDANT NAME: PFIZER INC
ATTORNEY: UNKNOWN

| SEQ | DATE | MINUTES |
|---|---|---|
| 0001 | 04092008 | ORDER IAS PART 54 SEQ 001 WITHDRAWN |

NEXT INDEX NUMBER: /

F2=PRINT F3=EXIT F5=VIEW NEXT F7=BACKWARD F8=FORWARD F12=EXIT MAIN

46-3004R-100M92

# COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

**FEE $210.00**

**INDEX NUMBER**

Do not write in this space

Space below to be TYPED or PRINTED by applicant

**TITLE OF ACTION OR PROCEEDING**

Dean Santacrose,

Plaintiff,

-vs-

Pfizer, Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer, Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc,

Defendants.

CHECK ONE

| | | | |
|---|---|---|---|
| ☐ | COMMERCIAL ACTION | ☑ | NOT COMMERCIAL ACTION |
| ☐ | CONSUMER CREDIT TRANSACTION | ☑ | NOT CONSUMER CREDIT TRANSACTION |
| ☐ | THIRD PARTY ACTION | ☑ | NOT THIRD PARTY ACTION |

**IF THIRD PARTY ACTION MAIN INDEX NO.** ______________

**Name and address Attorney for Plaintiff or Petitioner. Telephone No.**

LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607

0611 ~~007-1300~~ 1442

**Name and address of Attorney for Defendant or Respondent. Telephone No.**

**A. Nature and object of action or Nature of special proceeding** products liability

**B. Application for Index Number filed by: Plaintiff** ☑ **Defendant** ☐

**C. Was a previous Third Party Action filed Yes** ☐ **No** ☑

**Date filed** ______________

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

06111290

DEAN SANTACROSE

Plaintiff,

-against-

PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,

Defendants.

**SUMMONS**

Plaintiff designates **New York County** as place of trial based on defendants' principal place of business
Index No.:
Date Filed:

FILED
AUG 11 2006
NEW YORK
COUNTY CLERK'S OFFICE

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's undersigned attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 2, 2006
Binghamton, New York

Plaintiffs' residence is:
606 Wilson Avenue, Endwell, New York 13760

Defendants' Addresses:
Pfizer Inc., 245 E. 42nd Street, New York, NY 10017-5755
Pharmacia Corporation, 100 Route 203, North Peapack, NJ 07977
Pharmacia & Upjohn Company, Tax Dept., 88-106, 7000 Portage Road, Kalamazoo, MI 49001
Merck & Co., Inc., One Merck Drive, P.O. Box 100 WS3AB-05, Whitehouse Station, NJ 08889-0100

Ronald R. Benjamin, Esq.
**LAW OFFICES OF RONALD R. BENJAMIN**
Attorney for Plaintiff
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442

STATE OF NEW YORK: SUPREME COURT
COUNTY OF NEW YORK

DEAN SANTACROSE,

Plaintiffs,

-vs-

PFIZER, INC., PHARMACIA CORPORATION, a wholly-own subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO, INC,

Defendants.

**COMPLAINT**

Index No.: 06111290

Date Filed:

AUG 11 2006
NEW YORK
COUNTY CLERK'S OFFICE

Plaintiff, DEAN SANTACROSE, by and through counsel, the Law Office of Ronald R. Benjamin, complaining of each defendant, allege as follows:

1. Plaintiff was and is at all times relevant herein is a resident of and domiciled in the State of New York.

2. Upon information and belief, defendant PFIZER INC., is a Delaware corporation with its principal place of business located at 235 East 42nd Street, New York, New York, and is authorized to do and doing business in the State of New York with the county of its principal office registered as New York County.

3. Upon information and belief, defendant PHARMACIA & UPJOHN COMPANY is a wholly-owned subsidiary of PHARMACIA CORPORATION, and at times relevant to this complaint, each was a foreign corporation incorporated in the State of Delaware, and authorized to do business in the State of New York, registered in or with its principal office located in New York County.

4. Upon information and belief, as the result of a corporate merger between Pfizer, Inc., and

Pharmacia Corporation in or about April 2004, Pharmacia Corporation which is a wholly-owned subsidiary of Pfizer, Inc., and, as a result thereof, Pfizer, Inc., is legally responsible for all obligations, debts and liabilities of Pharmacia Corporation and Pharmacia & Upjohn Company, and is the successor in interest and real party to Pharmacia Corporation and Pharmacia & Upjohn Company (hereafter collectively referred to as "Pfizer defendants").

5. Upon information and belief, at all times relevant hereto defendant MERCK & CO. INC. (hereafter "Merck" or defendant), was and is a foreign corporation by virtue of being incorporated in New Jersey, and has its principal place of business at One Merck Drive, P.O. Box 100, WS3AB-05 Whitehouse Station, New Jersey 08889-01000, and is authorized to do business in the State of New York, with its registered principal office located at 111 Eighth Avenue, New York, NY 10011, in the County of New York.

6. At all relevant times herein mentioned the Pfizer defendants engaged in manufacture, design, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of their respective pharmaceutical products including the non-steroidal anti-inflammatory arthritis and acute pain medications **CELEBREX (celecoxib)** and **BEXTRA (valdecoxib)**, which are selective inhibitors of cyclo-oxygenase 2 (COX-2), for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

7. At all relevant times herein mentioned the defendant Merck engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products including the non-steroidal anti-inflammatory arthritis and acute pain medication **VIOXX (rofecoxib)**, a selective COX-2 inhibitor, for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

8. Each of the defendants are liable for the acts and transactions complained of herein that occurred and injured plaintiffs in and thus had consequences in the State of New York.

9. Upon information and belief, each of the defendants used a wide range of marketing methods to promote the aforesaid products and place the same in the stream of commerce, including, but not limited to, sponsoring medical journals to promote the alleged benefits of their products, using sales representatives including detailmen to call to on physicians throughout the country to encourage them to prescribe each of the defendants' products, sponsoring continued medical education programs for the express purpose of promoting their products, hiring experts in the field to speak to physicians for purposes of promoting their products, by direct advertisements to consumers and end- users of the products, and by utilizing the media to promote the alleged benefits of the products.

10. Upon information and belief, each of the defendants engaged in extensive advertising and promotional activity which indicated their drugs were efficacious for treating and safe to use, and published a description of their respective drugs in the Physician's Desk Reference for use by doctors in determining whether to prescribe said drugs to patients, including plaintiffs.

11. Upon information and belief, due to defendant's promotional activity with respect to the aforesaid products, each of the plaintiffs were prescribed the drugs based on the belief the same were safe to use and unlikely to subject each injured plaintiff to serious side effects as a result of use of the products.

12. Upon information and belief, had each of the defendants carried out proper testing on their products it would have realized the risks of using their products included cardiovascular events including but not limited to heart attack, stroke and thromboembolism, and that the risks far outweighed any alleged benefits from the products.

13. Upon information and belief, each of the defendants, through its agents, employees and representatives, engaged in intentional efforts to hide and withhold from the public safety concerns expressed by its own officials and researchers linking the aforesaid drugs to increased heart risks.

14. In reliance on the same, the injured plaintiff ingested the drugs and continued ingesting

the drugs for a period of time as instructed by their respective prescribing physicians.

15. Upon information and belief, the injured plaintiff DEAN SANTACROSE, ingested the drug Vioxx, in or about, 2003, as directed by his physicians and in accordance with the respective manufacturer's instructions.

16. Upon information and belief, the injured plaintiff DEAN SANTACROSE ingested the drug Celebrex from approximately 2002 to 2004, as directed by his physicians and in accordance with the respective manufacturer's instructions.

17. Due to safety concerns of an increased risk of cardiovascular events, on or about September 30, 2004, Merck announced a voluntary withdrawal of Vioxx (rofecoxib) from the market, and on or about April 7, 2005, Pfizer withdrew Bextra from the market.

18. As a direct and proximate result of the conduct of each of the defendants, the injured plaintiffs sustained severe injuries, which, upon information and belief, are permanent in nature.

19. By reason of the foregoing, the injured plaintiff sustained great pain and suffering, and continued to sustain great pain and suffering for a lengthy period of time, and sustained great anxiety and fear of additional adverse medical consequences, and will continue to so suffer in the future.

20. By reason of injuries caused by ingestion of the aforesaid drugs, the injured plaintiff incurred or may be obligated to pay monies for medical expenses.

21. The injuries sustained by the aforesaid plaintiff and the damages resulting therefrom were caused solely by the defendants' defective products without any fault on the part of the plaintiff contributing hereto.

22. Plaintiff alleges that the limitations on liability set forth in CPLR § 1601 do not apply under the exemptions set forth in CPLR §§ 1602(5), 1602(7) and 1602(11).

23. In the event applicable, plaintiffs rely on the provisions of CPLR §214-c(4).

**AS AND FOR A FIRST CAUSE OF ACTION**
**(NEGLIGENCE AND GROSS NEGLIGENCE)**

24. Plaintiff realleges and incorporates herein as if fully set forth herein the allegations in the preceding paragraphs 1 through 29 of this complaint.

25. Each of the defendants knew or should have known with the exercise of reasonable care that the products complained of are unreasonably dangerous products, and nevertheless promoted and placed said products into the stream of commerce.

26. Prior to the time the injured plaintiff ingested the products as aforesaid, each of the defendants knew or should have known that a significant portion of the users of the products would be subject to a significant risk and increased risk of serious side effects, including cardiovascular disease and stroke.

27. Upon information and belief, each of the defendants failed to carry out adequate investigation including, but not limited to, failing to adequately test their respective products.

28. Each of the defendants was further grossly negligent and evinced a reckless disregard for the safety of persons who would be using said products by downplaying , minimizing, and otherwise failing to warn the medical profession , the public in general and each plaintiff in particular about the serious and deadly side effects of their products, while at the same time promoting the drugs on the basis of minor alleged benefits and unsubstantiated or false claims as to efficacy for pain management.

29. As a direct and proximate result of the negligence of each of the defendants, the injured plaintiffs were harmed and sustained the injuries as aforesaid due to ingesting the products over a period of time.

30. As a result of the foregoing, the injured plaintiff is entitled to compensatory damages from each of the defendants, and to exemplary damages from each of the defendants.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(STRICT LIABILITY)**

31. Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully set forth herein and further allege the following.

32. At all times herein mentioned, the defendants' respective products were dangerous and defective, in that any benefit from said products was outweighed by the serious and deadly side effects of said drugs.

33. Each of the defendants placed said products into the stream of commerce with reckless disregard for the public safety in that it did not carry out adequate testing, did not timely or adequately continue to test and monitor the safety of the drugs, or take other reasonable steps to assure the products were efficacious for the purpose for which they were intended without subjecting the user to significant and harmful side effects as aforesaid.

34. Each of the defendants are strictly liable for the harm the injured plaintiffs sustained as a result of ingesting the products as aforesaid.

35. As a result of reckless disregard for the public welfare and welfare of the plaintiff in particular, the plaintiff is entitled to exemplary damages from each of the defendants in addition to compensatory damages sustained as a result of each of the defendants' conduct.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(MISREPRESENTATION AND FAILURE TO WARN)**

36. Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully set forth herein and further allege the following.

37. Beginning prior to the time the plaintiff herein ingested the drugs as aforesaid, each of the defendants engaged in a strategy involving aggressively marketing and selling the aforesaid products by falsely misleading potential users as to the safety of the drugs, by promoting the drugs based on unsubstantiated safety claims, and by failing to protect users from serious dangers which each of the defendants knew or should have known to result from use of said products.

38. By use of affirmative misrepresentations and omissions, each of the defendants engaged in promotional or advertising programs that falsely and fraudulently sought to create the image and impression that the aforesaid drugs were safe, known to be safe or had minimal risks to the public and

each plaintiff in particular.

39. Upon information and belief, each of the defendants understated downplayed or withheld information concerning health hazards and risks associated with the drugs, as well as the lack of adequate testing and monitoring for safety.

40. Each of the defendants failed to provide adequate warnings and/or information concerning the harms or potential harms of and dangers of the use of said products to the public for whom the drugs were not expressly contraindicated, and diluted any warnings by representing that adverse events were not significant for persons likely to be the users of said drugs.

41. As a direct and proximate result of the aforesaid failure by each of the defendants to provide appropriate warnings and/or instructions, the plaintiff sustained the harm complained of herein.

42. Upon information and belief, at the times relevant to this complaint, each defendant was in possession of information demonstrating serious side effects evidencing the increased risk the drugs posed to patients, or clearly should have been in possession of such information yet continued to market the products by providing false and misleading information with regard to safety as aforesaid, and, despite the same, and despite the fact that there was existing evidence said drugs was in fact dangerous, each defendant downplayed the health hazards and risks associated with the products and in fact deceived the medical community, individual physicians and the public at large including potential users of the products by promoting the same as safe and effective.

43. Upon information and belief, each defendant placed profit concerns over and above the safety of the public.

44. As a result of each defendant's reckless disregard for the public welfare and welfare of each plaintiff in particular, each of the injured plaintiffs is entitled to an award of exemplary damages from each of the defendants in addition to compensatory damages sustained as a result of said conduct.

**AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION**
**(BREACH OF EXPRESS AND IMPLIED WARRANTIES)**

45. Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully set forth herein and further allege the following.

46. Each of the defendants expressly and impliedly warranted that their aforesaid drugs were safe when used by patients for whom the drugs were not otherwise contraindicated, including the injured plaintiffs herein.

47. Each of the defendants breached such express and implied warranties in that their respective drugs are not safe for the purpose for which intended.

48. As a direct and proximate result of the aforesaid breach of express and implied warranties, each injured plaintiff is entitled to an award of compensatory and to an award of exemplary damages, inasmuch as the breach was in reckless disregard of the public health and safety.

**RELIEF REQUESTED**

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, as appropriate, on each cause of action as pled herein as follows:

(1) Award plaintiff DEAN SANTACROSE compensatory damagesin an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; and

(2) Award plaintiff DEAN SANTACROSE exemplary damages against defendants on the first through fifth causes of action;

(3) Award plaintiff such other and further relief against the defendants as the Court deems just and proper under the circumstances, including the costs and disbursements of this action.

Dated: August 2, 2006

**LAW OFFICE OF RONALD R. BENJAMIN**
Attorneys for Plaintiffs
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902-0607
607/772-1442

By: ______________________
RONALD R. BENJAMIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DEAN SANTACROSE,<br><br>Plaintiff,<br><br>-against-<br><br>PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,<br><br>Defendants. | **No.:** 111290/06<br><br>**ANSWER AND ~~JURY DEMAND~~ OF DEFENDANT MERCK & CO., INC.** |

FILED
SEP 25 2006
NEW YORK
COUNTY CLERK'S OFFICE

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the Complaint ("Complaint") herein as follows:

1. Upon information and belief, admits the allegations contained in paragraph 1 of the Complaint.

2. The allegations contained in paragraph 2 of the Complaint are not directed towards Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph except admits, upon information and belief, that Pfizer, Inc. ("Pfizer") is a Delaware Corporation with its principal place of business in New York.

3. The allegations contained in paragraph 3 of the Complaint are not directed towards Merck and therefore no responsive pleading is required. Should a response be

deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

4. The allegations contained in paragraph 4 of the Complaint are not directed towards Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

5. Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

6. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint except admits that Pfizer manufactured Celebrex and Bextra and that Pfizer marketed its products at certain times.

7. Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® until it voluntary withdrew Vioxx from the worldwide market on September 30, 2004.

8. Denies each and every allegation contained in paragraph 8 of the Complaint.

9. Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and that Pfizer marketed its products at certain times. Merck further admits that it trains its professional representatives.

10. Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information and that it provides to the Physicians' Desk Reference a copy for publication of the FDA-approved prescribing information for Vioxx in effect at the time and respectfully refers the Court to the Physicians' Desk Reference for the actual language and full text of said prescribing information and admits that Pfizer marketed its products at certain times.

11. Denies each and every allegation contained in paragraph 11 of the Complaint.

12. Denies each and every allegation contained in paragraph 12 of the Complaint.

13. Denies each and every allegation contained in paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. The allegations in paragraph 17 of the Complaint regarding Bextra are not directed toward Merck and no response is required. Denies each and every allegation contained in paragraph 17 of the Complaint regarding Vioxx and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and

questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

23. The allegations contained in paragraph 23 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

**RESPONSE TO "FIRST CAUSE OF ACTION**
**(NEGLIGENCE AND GROSS NEGLIGENCE)"**

24. With respect to the allegations contained in paragraph 24 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

**RESPONSE TO "SECOND CAUSE OF ACTION**
**(STRICT LIABILITY)"**

31. With respect to the allegations contained in paragraph 31 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

**RESPONSE TO "THIRD CAUSE OF ACTION**
**(MISREPRESENTATION AND FAILURE TO WARN)"**

36. With respect to the allegations contained in paragraph 36 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

**RESPONSE TO "FOURTH AND SEPARATE CAUSE OF ACTION (BREACH OF EXPRESS AND IMPLIED WARRANTIES)"**

45. With respect to the allegations contained in paragraph 45 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 44 of this Answer with the same force and effect as though set forth here in full.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

**RESPONSE TO "RELIEF REQUESTED"**

49. Plaintiff's "Relief Requested" section of the Complaint is not an allegation of fact and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the "Relief Requested" section of Plaintiff's Complaint and denies that Plaintiff is entitled to the relief requested.

**AS FOR A FIRST DEFENSE, MERCK ALLEGES:**

50. The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations or statutes of repose, or are otherwise untimely.

**AS FOR A SECOND DEFENSE, MERCK ALLEGES:**

51. The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD DEFENSE, MERCK ALLEGES:**

52. The claims of Plaintiff may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

53. The claims of Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

54. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

55. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

56. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH**
**DEFENSE, MERCK ALLEGES:**

57. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warning to the prescribing physician.

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES:**

58. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES:**

59. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR AN ELEVENTH**
**DEFENSE, MERCK ALLEGES:**

60. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

**AS FOR A TWELFTH**
**DEFENSE, MERCK ALLEGES:**

61. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

**AS FOR A THIRTEENTH**
**DEFENSE, MERCK ALLEGES:**

62. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

63. To the extend Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**AS FOR A FIFTEENTH**
**DEFENSE, MERCK ALLEGES:**

64. Plaintiff's claims of fraud and misrepresentation are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Sections 3013 and 3016(b) of the New York Civil Practice Law and Rules.

**AS FOR A SIXTEENTH**
**DEFENSE, MERCK ALLEGES:**

65. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A SEVENTEENTH**
**DEFENSE, MERCK ALLEGES:**

66. Plaintiff's claims are barred in whole or in part by the First Amendment.

**AS FOR AN EIGHTEENTH**
**DEFENSE, MERCK ALLEGES:**

67. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR A NINETEENTH**
**DEFENSE, MERCK ALLEGES:**

68. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

**AS FOR A TWENTIETH**
**DEFENSE, MERCK ALLEGES:**

69. The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

**AS FOR A TWENTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

70. The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

71. The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

**AS FOR A TWENTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

72. The claims of Plaintiff and the purported class members may be barred, in whole and in part, by the doctrine of laches.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

73. The claims of Plaintiff are barred, in whole or in part, by their failure to mitigate damages.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

74. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

75. The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

**AS FOR A TWENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

76. The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

**AS FOR A TWENTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

77. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A TWENTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

78. Plaintiff has not sustained any injury or damages compensable at law.

**AS FOR A THIRTIETH**
**DEFENSE, MERCK ALLEGES:**

79. To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A THIRTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

80. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A THIRTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

81. Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A THIRTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

82. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A THIRTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

83. Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A THIRTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

84. Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

**AS FOR A THIRTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

85. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**AS FOR A THIRTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

86. Plaintiff's claims are barred by the doctrine of contributory negligence.

**AS FOR A THIRTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

87. This case is more appropriately brought in a different venue.

**AS FOR A THIRTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

88. Defendants are improperly joined in this action.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

**JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

DATED: New York, New York
September 22, 2006

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: Vilia B. Hayes

Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DEAN SANTACROSE,<br><br>Plaintiff,<br><br>-against-<br><br>PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,<br><br>Defendants. | **No.: 111290/06**<br><br>**AFFIDAVIT OF SERVICE** |

CORINNE A. LAXMAN, being duly sworn, deposes and says that she is over the age of 18 years and not a party to this action, that she is associated with the firm of Hughes Hubbard & Reed, counsel for Defendant, and that, on September 22 2006, she served a true and accurate copy of the Answer and Jury Demand of Defendant Merck & Co., Inc. via first-class mail, postage prepaid, on Plaintiff's counsel, Ronald R. Benjamin, Law Office of Ronald R. Benjamin, 126 Riverside Drive, Binghamton, New York 13902, and on counsel for Defendants Pfizer, Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company, Christopher Strongosky, DLA Piper US LLP, 1251 Avenue of the Americas, New York, NY 10020.

Corinne Laxman
Corinne A. Laxman

Sworn to before me this
22nd day of September, 2006

Patricia E. Smith
Notary Public

PATRICIA E. SMITH
Notary Public, State of New York
No. 1SM4796951
Qualified In Richmond County
Certificate Filed in New York County
Commission Expires March 30, 20 07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEAN SANTACROSE,

Plaintiff,

-against-

PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**No.: 111290/06**

FILED
NOV 14 2006
NEW YORK
COUNTY CLERK'S OFFICE

**FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF DEAN SANTACROSE**
**PROPOUNDED BY DEFENDANT MERCK & CO., INC.**

Defendant Merck & Co., Inc. ("Merck") propounds the following interrogatories to plaintiff Dean Santacrose pursuant to Sections 3130-3133 of the Civil Practice Law and Rules. Plaintiff is requested to respond separately and in writing within twenty (20) days.

The following Definitions and Instructions are applicable and are expressly incorporated into these Interrogatories:

**DEFINITIONS AND INSTRUCTIONS**

1. "Merck & Co., Inc." and "Merck" means any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant and by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

2. "Plaintiff" or "Plaintiffs" or "you" or "your" or "yourself" means Plaintiff Dean Santacrose, any of his agents, representatives or assigns, as well as any person acting or purporting to act on his behalf.

3. "Vioxx®" means the prescription drug with the chemical name rofecoxib which is the subject of this lawsuit.

4. As used throughout, "written communication" or "document" means all written or graphic matter, however produced, or reproduced, of every kind and description in the actual or constructive possession, custody or control of plaintiff's counsel, including without limitation all writings, drawings, graphs, charts, photographs, sound tapes or recordings, announcements, bulletins, press releases, papers, books, accounts, letters, microfilm, magnetic tape, magnetic disks, magnetic strips, optical character recognition characters, punched paper tapes, microfiche, punched cards, telegrams, voices, statements, account recommendations, notes, minutes, inter-office memoranda, reports, studies, contracts, ledgers, books of account, vouchers, hotel charges, cost sheets, stenographer notebooks, calendars, appointment books, diaries, time sheets or logs, computer printouts, computer files, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form. The term "document" shall also include:

a. A copy of the original document when the original document is not in the possession, custody or control of plaintiff, plaintiff's counsel or other agent; and

b. Every copy of a document (a) where such copy is not an identical duplicate of the original, or (b) where such copy contains notations not contained on the original or other copies.

5. The term "communications" means all occasions on which information was conveyed from one person to another (a) by means of a document, or (b) verbally, including by means of a telephone or other mechanical or electronic device.

6. As used herein, the term "person" shall include, wherever appropriate, not only a natural person but also a corporation, partnership, unincorporated association or other association of persons. However, a request for identification of a person having knowledge of facts or custody of a document shall be construed to refer to a natural person.

7. A response to a request contained in these Interrogatories to "identify" a document shall be sufficient if the individual having custody of the document is identified by name and address, and the document is identified or described by (a) the date, (b) the author, (c) the addressee(s), (d) the type of document (i.e., letter, memorandum, note, etc.), (e) the subject matter, and (f) the number of pages. In lieu of identifying a document, you may attach a copy of such document or documents to your answers to these Interrogatories.

8. A request to "identify" a person shall be construed as a request for (a) the full name of such person, (b) all other names which such person has used for him or herself, (c) the social security number of such person, (d) the date and place of birth of such person, (e) the present employer of such person, (f) the present office or business address and business telephone number of such person, (g) the present residential address and residential telephone number of such person, (h) the nature the relationship between the plaintiff and such person, (i) the dates of commencement and termination of that relationship, and (j) the reason for the termination of that relationship. If you do not

know or cannot determine the present address, telephone number or present employer of any person referred to in your answers to these Interrogatories, please give the last known address, telephone number or employer.

9. The term "describe in detail" means: (a) describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law, (b) state for each such fact the (1) time, (2) place, and (3) manner of said fact, (c) identify all persons involved, and (d) identify all documents that support, contradict, refer, relate, or mention such facts.

10. If you object to any Interrogatory or any subpart thereof on the grounds that it calls for disclosure of information which you claim is privileged, then answer such Interrogatory or subpart as follows: (a) furnish all information and facts called for by such Interrogatory or subpart which you do not claim is privileged, and (b) for each communication, recommendation, fact or advice which you claim is privileged, state the basis for your claim of privilege.

11. Throughout these interrogatories, including the definition of terms, words used in the masculine gender include the feminine; and words used in the singular include the plural. Where the word "or" appears herein, the meaning intended is the logical inclusion "or" i.e., "and/or." Where the word "include" or "including" appears, the meaning intended is "including, but not limited to."

12. When requested to "state each fact" or the "facts upon which you rely" relating to any allegation, fact, legal theory, contention or denial, please furnish a full and complete statement of the factual basis of any such allegation, fact, legal theory,

contention or denial, the reason or rationale that such facts so relate or pertain and how such facts so relate or pertain.

**INTERROGATORIES**

INTERROGATORY 1:

Please identify yourself, including your full name; all other names you have used or by which you have been known and the period of time during which you were known by such other names; your address; the date and place of your birth; your social security number and, if different, your driver's license number.

ANSWER:

INTERROGATORY NO. 2:

Please describe your educational background, including the name and address of each grade school, high school, college or university, trade school, or graduate school attended; the inclusive dates of attendance; list any majors(s), minor(s), and the degree(s) received.

ANSWER:

INTERROGATORY NO. 3:

Please describe your employment history since age 18, identifying each employer (or period of self-employment), the inclusive dates of each employment, your job title, a description of your duties for each employment, the amount or rate of compensation for each employment, and your reason for leaving each employment.

ANSWER:

INTERROGATORY NO. 4:

Describe in detail all injuries, diseases, illnesses, disabilities or other medical conditions experienced by you since January 1, 1995. (See definition 9.)

ANSWER:

INTERROGATORY NO. 5:

Please identify by name, address, telephone number, and specialty, if applicable, each and every physician or other healthcare provider whom you consulted, or who treated or examined you for any reason whatsoever since January 1, 1995, and describe in detail the reasons you sought treatment or consultation, the date(s) of the treatment or consultation, all tests performed, the diagnosis, and the medication prescribed. (See definitions 8 & 9.)

ANSWER:

INTERROGATORY NO. 6:

Describe in detail your medication history, other than Vioxx, including a list of all medications (prescription and non-prescription), and drugs (legal or illegal) that you used since January 1, 1995, the reason each medicine, medication, and/or drug was used, and for each medication or drug, identify its brand or generic name; if it was

prescribed, the name and address of the person prescribing it; the name and address of the pharmacy from which such medication was purchased; the dates on which you took the drug, the amounts and dosage of each drug taken, and the dates and reasons for which you stopped taking it; and the nature of any reaction, including any allergic reaction or side effect experienced by you. (See definition 9.)

ANSWER:

INTERROGATORY NO. 7:

Please identify each and every healthcare provider who prescribed Vioxx or provided samples of Vioxx to you. For each healthcare provider, state the condition for which Vioxx was prescribed or was provided, the dates such prescriptions were issued or such samples were provided, and the dosages. (See definition 8.)

ANSWER:

INTERROGATORY NO. 8:

Set forth the names and complete addresses of all pharmacies where you have had prescriptions for Vioxx filled. To the extent not previously provided, provide authorizations for the release of those records in the form attached hereto.

ANSWER:

INTERROGATORY NO. 9:

State the dates on which you started and stopped treatment with Vioxx, the dosage you were taking, and whether any physician increased or decreased your original prescription at any time. If you, on your own, changed your dosage of Vioxx or the frequency of the dosage at any time from the dosage recommended by the prescribing physician, state the date on which you made each change, and the actual amount of Vioxx consumed by you each day.

ANSWER:

INTERROGATORY NO. 10:

State the dates on which you started and stopped treatment with Celebrex® and/or Bextra®, the dosage you were taking, and whether any physician increased or decreased your original prescription at any time. If you, on your own, changed your dosage of Celebrex® and/or Bextra®, or the frequency of the dosage at any time from the dosage recommended by the prescribing physician, state the date on which

you made each change, and the actual amount of Celebrex® and/or Bextra® consumed by you each day.

ANSWER:

INTERROGATORY NO. 11:

Describe in detail each injury, illness, disease or condition (i.e., sign or symptom, whether mental, physical or emotional) that you claim to have resulted from your use of Vioxx; the dates of onset for each injury, illness, disease or condition; and set forth the name and address of all physicians or other healthcare providers with whom you consulted or from whom you sought treatment for these conditions. (See definition 8.)

ANSWER:

INTERROGATORY NO. 12:

For each injury identified in Interrogatory No. 10, please identify all healthcare providers and experts who will support the claim that Vioxx caused such injury, the substance of such opinions, and any facts or documents upon which such opinions are based. Attach to your interrogatory answers a copy of all written reports supporting this claim. (See definition 7.)

ANSWER:

INTERROGATORY NO. 13:

Identify any member of your family who has experienced cardiovascular events, including heart attacks and strokes, or any other medical condition(s) similar to the condition(s) experienced by you, and, for each person so identified, describe in detail the nature of such medical condition(s). (See definitions 8 & 9.)

ANSWER:

INTERROGATORY NO. 14:

Separately itemize all expenses and losses that you claim to have incurred or expect to incur as a result of the injuries you claim that you suffered from taking Vioxx, including the dollar amount of hospital bills and identity of the hospital; medical bills with the names and addresses of the persons requesting payment; nursing bills with the names and addresses of the persons requesting payment; loss of earnings including the names and addresses of employers; and any other similar expenses and damages, specifying type, amount and person to whom such amount is due.

ANSWER:

INTERROGATORY NO. 15:

If you have ever been given disability ratings for accident, health or life insurance, please identify the healthcare provider that assigned each such rating, the date

on which you were given each disability rating, and the reason for which you were given each disability rating.

ANSWER:

INTERROGATORY NO. 16:

State whether you have undergone any additional physical examinations, including examinations in connection with employment or any application for employment or for life insurance since January 1, 1995, and if so, state the date of any such examination, who conducted the examination, on whose behalf the examination was made, whether there is a report of such physical examination, and if any such physical examination resulted in action being taken on your behalf or against you, please describe such action.

ANSWER:

INTERROGATORY NO. 17:

Identify each carrier or plan that at any time has provided you with or has rejected your application for life, medical, health, disability and/or compensation coverage, either individually or as a member of an insured family, including group insurance coverage under policies of insurance issued to or on behalf of a spouse or other family member, and as part of your response, include any applicable policy or identification number. If the application was rejected, please state:

(a) The date of rejection;

(b) The type of insurance for which you applied;

(c) The name and address of the insurance company with which the application was filed; and

(d) The reason given for the rejection.

ANSWER:

INTERROGATORY NO. 18:

Describe in detail every written claim or demand for compensation you have made, including, but not limited to, pre-lawsuit demands to settle, lawsuits, workers' compensation claims, social security disability claims, and/or claims for veteran's benefits including the nature of the proceeding; the date, time, and place of the event for which damages were sought; the name, address, and telephone number of each person against whom the claim was made; the name, address, and telephone number of any attorney; and whether the claim has been resolved or is pending; the caption and case

number of the action; the court or tribunal in which the action was pending and the date it was filed; and the disposition of the action. (See definition 9.)

ANSWER:

INTERROGATORY NO. 19:

Identify all facts upon which you rely to support your contention that Vioxx caused or contributed to your alleged injuries. Identify any other factors that you believe may have contributed to your injuries.

ANSWER:

INTERROGATORY NO. 20:

Since you have claimed injuries resulting from the ingestion of Vioxx and Celebrex®, please identify what you claim is the relative culpability of each defendant and the facts upon which you rely to hold both defendants jointly liable pursuant to C.P.L.R. Article 16.

ANSWER:

INTERROGATORY NO. 21:

Describe in detail each and every fact upon which you base any claim that Vioxx was defective and/or dangerous. (See definition 9.)

ANSWER:

INTERROGATORY NO. 22:

For each instance that you claim that a doctor prescribed any Vioxx for you, state whether the prescribing doctor gave you any oral or written warning about the potential side effects of the drug or stated any precautions, and if so, state in detail and completely the substance of the warning(s). Identify any documents containing or referring to such warnings or precautions.

ANSWER:

INTERROGATORY NO. 23:

Describe in detail any warning you claim was defective and/or inadequate concerning Vioxx; and how the warning was inadequate in light of medical knowledge concerning Vioxx at the time it was prescribed to you; and a verbatim statement of the warning that you or your experts contend is an adequate warning, how it would have prevented your injuries or damages, whether such warning should have been written or oral, and when and to whom it should have been provided. (See definition 9.)

ANSWER:

INTERROGATORY NO. 24:

Set forth with particularity each and every act or omission upon which you base any claim that Merck was negligent in the promotion, design, manufacture, testing, labeling, advertising, warning, marketing and sale of Vioxx. Identify what you contend in paragraph 12 of the Complaint would have been the "proper testing" of this medication. State the name and title of each person who performed an alleged negligent act or omission.

ANSWER:

INTERROGATORY NO. 25:

Please identify all communications by you or any member of your family, whether oral, written or electronic (including communications as part of internet "chat rooms" or e-mail groups), with doctors, Merck representatives, or other persons not including your counsel, regarding Vioxx, your injuries, or this case.

ANSWER:

INTERROGATORY NO. 26:

Describe any and all contacts that you had with any Vioxx-related advertising, marketing and promotion. List all advertisements, including television, radio, and print, with which you came in contact, including the date on which you were exposed to such advertising.

ANSWER:

INTERROGATORY NO. 27:

Please describe in detail each alleged misrepresentation or omission relative to Vioxx that you contend was made to you and the general consuming public. For each statement, identify the maker of the statement, the person(s) to whom the statement was made, the circumstances under which such misrepresentation was made, the date(s) upon which such misrepresentation was made or published, and the publication, advertisement, press release, TV ad or other vehicle through which such misrepresentation was disseminated. For each statement that you contend was fraudulently made, please state the basis for your contention that these statements were made with reckless disregard to their truth.

ANSWER:

INTERROGATORY NO. 28:

Please state each fact upon which you base your claim that Merck breached an express or implied warranty of fitness and/or merchantability, and identify all witnesses and documents on which you will rely in support of your claim.

ANSWER:

INTERROGATORY NO. 29:

Identify all information demonstrating that knowledge of the "serious side effects" of Vioxx that you contend in paragraphs 11 and 26 of the Complaint was in Defendant's possession and was not disclosed adequately to the medical community, individual physicians and the public.

ANSWER:

INTERROGATORY NO. 30:

Please state each and every fact and circumstance upon which you base any claim for exemplary damages, including the identity of any witnesses who will testify in support of your allegations of fraud, ill-will, recklessness, gross negligence, and willful or intentional disregard of plaintiff's individual rights. Please provide a full description of the acts or omissions that you allege demonstrate such conduct and any documents upon which you rely in support of said allegations.

ANSWER:

INTERROGATORY NO. 31:

Provide the factual basis and a computation for each category of damages you claim and identify all witnesses who will testify in support of each category of damages and all documents upon which you will rely in support of each category of damages.

ANSWER:

INTERROGATORY NO. 32:

Do you rely on any statutes, codes, standards, regulations, rules, texts, medical journals, medical articles, or treatises to establish any alleged defect or unreasonably dangerous condition of Vioxx? If so, identify each such document and the appropriate section or page number on which you rely.

ANSWER:

INTERROGATORY NO. 33:

Please state each fact upon which you base your claim that Merck violated its duty under strict liability, and identify all witnesses and documents you will rely on in support of this claim.

ANSWER:

Dated: New York, New York
November 10, 2006

HUGHES HUBBARD & REED LLP

By: Vilia B. Hayes
Vilia B. Hayes
Attorneys for Defendant
Merck & Co., Inc.
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

TO: Ronald R. Benjamin, Esq.
Law Office of Ronald R. Benjamin
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607

Christopher M. Strongosky, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DEAN SANTACROSE,

Plaintiff,

-against-

PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,

Defendants.

**No.: 111290/06**

**NOTICE TO TAKE DEPOSITION**

**PLEASE TAKE NOTICE** that, pursuant to Article 31 of the Civil Practice Law and Rules, the deposition upon oral examination of Plaintiff Dean Santacrose will be taken before a notary public on the 21st day of February, 2007, at 10 o'clock in the morning of that day at the offices of Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York, 10004, attorneys for Defendant, Merck & Co., Inc., with respect to all matters relevant to the subject matter involved in this action. The examination will proceed as required until completed.

Said party to be examined is required to produce at such examination all documents identified in the First Set of Request for Production of Documents to Plaintiff Propounded by Merck & Co., Inc. and Demand for Statements, which are in his possession, custody or control and were not previously produced.

Dated: New York, New York
November 10, 2006

HUGHES HUBBARD & REED LLP

By: Vilia B. Hayes
Vilia B. Hayes
Attorneys for Defendant
Merck & Co., Inc.
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

TO: Ronald R. Benjamin, Esq.
Law Office of Ronald R. Benjamin
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607

Christopher M. Strongosky, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DEAN SANTACROSE, Plaintiff, -against- PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC., Defendants. | **No.:** 111290/06 **DEMAND FOR NAMES AND ADDRESSES OF WITNESSES** |

**PLEASE TAKE NOTICE** that pursuant to Section 3101 of the Civil Practice Law and Rules, defendant Merck & Co., Inc. ("Merck") demands that plaintiff's counsel provide the names and addresses of all persons known to your client or to you, as attorney for your client, with respect to the following:

1. Any witnesses to the events complained of in the Complaint.
2. Witnesses having knowledge of any alleged:
   a. Wrongful act, error or omission allegedly committed or omitted by:
      i. the plaintiff, Merck, or any employee or agent of Merck; and
      ii. any person or party not a defendant in this action.
3. Any persons having knowledge with respect to any conversations, communications or writings with respect to the circumstances or events referred to in the Complaint.

4. Any persons having knowledge with respect to any item of special or general damages asserted by plaintiff in this action or with respect to any setoff or counterclaim by defendants.

5. Any persons who have knowledge or are otherwise able to support the allegations in plaintiff's Complaint.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing is a continuing demand that you furnish responses to any of the items demanded herein for which information is obtained after service of your responses hereto, within twenty (20) days of receipt of said additional information; but, in any event, no later than forty-five (45) days before the time of trial. Defendant will object at the time of trial to the testimony of any witness or the introduction of any evidence not supplied in accordance with this demand.

If you are unaware of any witnesses at this time, please provide a sworn statement to that effect.

Dated: New York, New York
November 10, 2006

HUGHES HUBBARD & REED LLP

By: Vilia B. Hayes
Vilia B. Hayes
Attorneys for Defendant
Merck & Co., Inc.
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

TO: Ronald R. Benjamin, Esq.
Law Office of Ronald R. Benjamin
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607

Christopher M. Strongosky, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DEAN SANTACROSE, Plaintiff, -against- PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC., Defendants. | **No.:** 111290/06<br>**DEMAND FOR <u>EXPERT DISCLOSURE</u>** |

**PLEASE TAKE NOTICE**, that pursuant to Section 3101(d) of the Civil Practice Law and Rules, defendant Merck & Co., Inc. ("Merck") demands that plaintiff provides to the undersigned the following information:

In responding to this demand for expert disclosure, the following definitions, rules of construction and instructions are to be applied:

**<u>DEFINITIONS, RULES OF CONSTRUCTION AND INSTRUCTIONS</u>**

1. The term "document" means any writing or other non-verbal information storage of any nature whatsoever including but not limited to memoranda, correspondence, articles, notes, publications, manuscripts, drawings, graphs, charts, photographs, magnetic tapes and other data compilations from which information can be obtained. The term expressly includes all such material in whatever form it is maintained, including electronic medium.

2. "Concerning" means referring to, relating to, describing, evidencing or constituting.

3. "Identify," with respect to documents, means to state the type of document, the general subject matter of the document, the date of the document, the authors, the addresses and recipients.

4. "Identify," with respect to persons, means to state the person's full name, present address, and present or last known place of employment.

5. Use of the singular form of any word includes the plural and vice versa.

6. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the demand all responses that might otherwise be construed to be outside of its scope.

7. You are required to set forth separately all of the information called for as to each witness plaintiff intends to call as an expert on the trial of this action.

**DEMAND FOR EXPERT DISCLOSURE**

1. State the name and address of each person expected to be called as an expert witness on behalf of the plaintiff at the trial of this action.

2. As to each person identified in response to Item 1 above, set forth each degree held by that individual, including in your answer the date the degree was awarded and the institution granting the degree.

3. Set forth as to each person identified in Item 1 above, each and every publication authored, in whole or in part, by that individual.

4. With respect to each individual identified in response to Item 1 above, identify each institution with which the individual has been associated in any capacity during the past twenty (20) years. If the witness is a medical doctor, identify each hospital or other medical facility at which the individual has privileges or holds any position.

5. Identify, with respect to each individual set forth in response to Item 1 above, any professional committee(s) upon which the witness has served during the past twenty (20) years, including in your answer the organizations or entities sponsoring the committee upon which the individual served.

6. Set forth in detail, as to each individual identified in response to Item 1 above, those qualifications not set forth in response to Items 2-5 which, in the view of plaintiff, make the individual qualified to appear as an expert witness in this action.

7. Set forth, separately as to each expert expected to testify on the trial of this action, the subject matter on which he or she is expected to testify. You are required to state in reasonable detail the specifics of the subject matter including an itemization of the specific area of scientific endeavor about which the expert will testify.

8. Identify each and every document reviewed by each expert in connection with this litigation including but not limited to an itemization of documents provided by counsel, scientific or medical literature researched and/or reviewed by the witness, government or regulatory materials, litigation related documents and all other materials reviewed by the witness in association with preparing his or her opinions in this action.

9. Identify with specificity and particularity each and every document upon which each expert witness will rely in forming expert opinions in this action.

10. Set forth in detail the substance of the facts upon which each expert witness is expected to testify on the trial of this action including in your answer the sources upon which the witness will rely to establish the facts to be stated.

11. Set forth the substance of each opinion to which each expert is expected to testify on the trial of this action including in reasonable detail each subpart of every opinion, including but not limited to each and every opinion relating to liability or causal connection.

12. Set forth in reasonable detail the grounds and basis for each opinion that each expert is expected to testify to on the trial of this action including the source of the grounds for each opinion and any literature or other documentation, which forms the grounds or basis for the specific opinion.

13. Identify any written reports authored or approved by each expert with respect to the subject matter of this action.

14. With respect to physicians or other medical providers, for each person that plaintiff expects to call to give expert testimony at the trial of this action, disclosure, in reasonable detail, of (in addition to all of the above) the following;

a. whether the expert is licensed in this state;

b. whether the expert is licensed to practice medicine in any other state;

c. whether the expert is certified in a specialty in this state or any other state and, if so, set forth the specialty(ies);

d. whether the expert has authored any medical book(s), treatise(s), article(s), publication(s) and/or written material(s) in the field of his/her expertise and, if so, set forth the name and date of said book(s), treatise(s), article(s), publication(s) and/or written material(s);

e. a description of every medical dental and/or hospital record, report, note and/or chart upon which the expert will rely;

f. a list of the name(s) and date(s) of all books, treatises, articles, publications and/or written materials upon which the expert will rely.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to comply with the terms of the within demand, objection will be interposed at the trial of the action to the testimony of any expert as to whom the demanded disclosure has not been made.

**PLEASE TAKE FURTHER NOTICE**, that this is a continuing demand; if plaintiff does not now expect to call expert witnesses at the trial of this action, plaintiff must supplement this demand a sufficient period of time before commencement of trial so that appropriate notice of each expert will be given.

Dated: New York, New York
November 10, 2006

HUGHES HUBBARD & REED LLP

By: Vilia B. Hayes
Vilia B. Hayes
Attorneys for Defendant
Merck & Co., Inc.
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

TO: Ronald R. Benjamin, Esq.
Law Office of Ronald R. Benjamin
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607

Christopher M. Strongosky, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DEAN SANTACROSE, Plaintiff, -against- PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC., Defendants. | **No.: 111290/06** **<u>DEMAND FOR STATEMENTS</u>** |

**PLEASE TAKE NOTICE** that pursuant to Sections 3101(e) and 3120 of the Civil Practice Law and Rules, defendant Merck & Co., Inc. ("Merck") demands that plaintiff produces for inspection and copying, within twenty (20) days of service of this Demand, the following documents and materials in the possession, custody or control of plaintiff.

## DEFINITIONS, RULES OF CONSTRUCTION AND INSTRUCTIONS

In interpreting the demand for production herein, the following definitions, rules of construction and instructions are to be applied:

1. The term "document" means any writing or other nonverbal information storage of any nature whatsoever, including but not limited to memoranda, correspondence, articles, notes, publications, manuscripts, drawings, graphs, charts, photographs, phone records, magnetic tapes, compact disks, floppy disks and other data compilations from which information can be obtained. The term expressly includes all such materials in whatever form they are maintained, including electronic media. A draft or non-identical copy is a separate document within the meaning of the term.

2. "Merck & Co., Inc." and "Merck" means any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant and by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

3. The term "communications" means all occasions on which information was conveyed from one person to another (a) by means of a document, or (b) verbally, including by means of a telephone or other mechanical or electronic device.

4. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

5. "Plaintiff" or "plaintiffs" or "you" or "your" or "yourself" means plaintiff, any of his agents, representatives or assigns, as well as any person acting or purporting to act on his behalf.

6. The term "statement" includes every kind of utterance whether written or verbal, and whether or not, in the case of a verbal utterance, it has been reduced to writing. In the case of an oral statement reduced to writing or otherwise recorded, whether electronically or otherwise, the term expressly includes each iteration of such statement, including but not limited to notes, recordings, drafts, data storage mechanisms and all other methods of recording such information in whatsoever form it shall take and whether the recording of the utterance was made by the person to whom the statement is attributed, the plaintiff, (as defined herein) or any third party.

7. Use of the singular form of any word includes the plural and vice versa.

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the demand all responses that might otherwise be construed as outside its scope.

9. Where a document is being withheld from production based upon a claim of privilege, the objection shall state all grounds. In the event of such an objection you are required to identify the nature of the statutory or common law privilege (including work product), which is being claimed and the privilege rule being invoked. In making the objection, the following information shall be provided:

a. the type of document;

b. the general subject matter of the document;

c. the date of the document; and

d. such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, the addressee(s) of the document and, where not apparent, the relationship of the author and the addressee(s) to each other.

**DEMAND FOR PRODUCTION**

Plaintiff is required to produce the following materials at the date and time stated:

1. Each document in possession of plaintiff, authored or co-authored, in whole or in part, by Merck.

2. Each document plaintiff will claim is probative of Merck having notice or knowledge of any fact.

3. Each communication to or from Merck, if not produced in response to Item 1 above.

4. Each document plaintiff will claim constitutes a prior inconsistent statement by Merck.

5. Each document plaintiff will claim constitutes an admission by or binding upon Merck.

6. Transcripts of any statements or testimony taken of Merck or its present or former officers or employees, in possession of plaintiff, whether or not the transcript was generated in connection with a litigated matter.

7. Each document constituting or concerning a statement, interview, or other communication by any present or past employee of Merck, whether or not obtained in connection with this litigation, in whatsoever form it is maintained, to the extent such statement is not produced in response to a prior demand herein.

**PLEASE TAKE FURTHER NOTICE** that you are required to amend and/or supplement your response to this demand pursuant to and in accord with the terms of CPLR § 3101(h).

**PLEASE TAKE FURTHER NOTICE** that upon your failure to comply with the terms of the within demand, application will be made to the Court for such relief and sanctions as are authorized by the CPLR and applicable case law, including but not limited to preclusion of the plaintiff from using the demanded but not produced documents in any manner on the trial of the action, and the costs and attorneys fees associated with the motion.

Dated: New York, New York
November 10, 2006

HUGHES HUBBARD & REED LLP

By: Vilia B. Hayes
Vilia B. Hayes
Attorneys for Defendant
Merck & Co., Inc.
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

TO: Ronald R. Benjamin, Esq.
Law Office of Ronald R. Benjamin
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607

Christopher M. Strongosky, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DEAN SANTACROSE,

Plaintiff,

-against-

PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,

Defendants.

**No.: 111290/06**

**DEMAND FOR DISABILITY CLAIM INFORMATION**

**PLEASE TAKE NOTICE**, that defendant Merck & co., Inc. ("Merck") pursuant to Sections 3101 and 3120 of the Civil Practice Law and Rules, hereby demands that plaintiff provide to the undersigned, within twenty (20) days of service of this Demand, the following:

1. With respect to any insurance company which provides or provided to plaintiff benefits for any disability relative to the events alleged in the Complaint, duly executed and acknowledged written authorizations required to permit defendant to obtain the file relative to plaintiff with regard to said benefits, maintained by said insurance companies. This demand includes, without limitation, reference to those benefits provided under Medicare, Medicaid, or similar programs. Said authorizations should include, without limitation, the pertinent file/claim number maintained by said insurance companies.

**PLEASE TAKE FURTHER NOTICE**, that failure to comply with this demand will serve as the basis for a motion seeking, in whole or in part, an order precluding plaintiff upon the trial of this action from offering evidence as to any benefits applied for by plaintiff or received by plaintiff whether such evidence consists of written or oral treatment.

Dated: New York, New York
November 10, 2006

HUGHES HUBBARD & REED LLP

By: Vilia B. Hayes
Vilia B. Hayes
Attorneys for Defendant
Merck & Co., Inc.
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

TO: Ronald R. Benjamin, Esq.
Law Office of Ronald R. Benjamin
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607

Christopher M. Strongosky, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DEAN SANTACROSE,

Plaintiff,

-against-

PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,

Defendants.

---

**No.: 111290/06**

**DEMAND FOR COLLATERAL SOURCE REIMBURSEMENT INFORMATION PURSUANT TO <u>C.P.L.R. §§3101 AND 4545</u>**

**PLEASE TAKE NOTICE** that defendant Merck & Co., Inc. ("Merck") pursuant to Sections 3101 and 4545 of the Civil Practice Law and Rules, hereby demands that plaintiff provides to the undersigned, within twenty (20) days of service of this Demand, the following:

1. A statement as to whether all or any part of the past or future cost or expense of medical care, dental care, custodial care, rehabilitation services, loss of earnings or other economic loss sought to be recovered in this action was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as, but not limited to, insurance (except life insurance), social security (except those benefits provided under Title XVIII of the Social Security Act), workers' compensation, or employee benefits programs (except such collateral sources entitled by law to liens against recovery of the plaintiff), and, if so, the full name and address of each organization or program providing such replacement or indemnification, together with an itemized statement of the amount in which each such claimed item of economic loss was

or will, with reasonable certainty, be replaced or indemnified by each such organization or program.

2. Duly executed and acknowledged written authorizations required to permit Merck to obtain all records reflecting any collateral source(s) or payment(s), past or future, identified in response to the foregoing demand.

**PLEASE TAKE FURTHER NOTICE**, that your failure to comply with the above demands will serve as the basis for a motion for the appropriate relief pursuant to the Civil Practice Law and Rules.

Dated: New York, New York
November 10, 2006

HUGHES HUBBARD & REED LLP

By: Vilia B. Hayes
Vilia B. Hayes
Attorneys for Defendant
Merck & Co., Inc.
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

TO: Ronald R. Benjamin, Esq.
Law Office of Ronald R. Benjamin
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607

Christopher M. Strongosky, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DEAN SANTACROSE,

Plaintiff,

-against-

PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,

Defendants.

**No.: 111290/06**

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DEAN SANTACROSE**
**PROPOUNDED BY DEFENDANT MERCK & CO., INC.**

Defendant Merck & Co., Inc. ("Merck") propounds the following requests to Plaintiff Dean Santacrose pursuant to Section 3120 of the Civil Practice Law and Rules. Plaintiff is requested to respond separately and in writing within twenty (20) days and to make responsive documents and things available for inspection and copying within a reasonable time thereafter to be agreed by the parties.

**DEFINITIONS**

The definitions set forth in the First Set of Interrogatories to Plaintiff propounded by Merck filed in conjunction with this request shall apply, and those definitions are specifically incorporated by reference herein. In addition, the term "medical records" shall mean all physicians' files, notes, charts and records; hospital or clinical charts, records, notations, and memoranda; any reports of diagnosis, prognosis or causation; notes, memoranda or charts of medical personnel; x-rays; pharmacy records and prescriptions.

As used throughout, "written communication" or "document" means all written or graphic matter, however produced, or reproduced, of every kind and description in the actual or constructive possession, custody or control of plaintiff's counsel, including without limitation all writings, drawings, graphs, charts, photographs, sound tapes or recordings, announcements, bulletins, press releases, papers, books, accounts, letters, microfilm, magnetic tape, magnetic disks, magnetic strips, optical character recognition characters, punched paper tapes, microfiche, punched cards, telegrams, voices, statements, account recommendations, notes, minutes, inter-office memoranda, reports, studies, contracts, ledgers, books of account, vouchers, hotel charges, cost sheets, stenographer notebooks, calendars, appointment books, diaries, time sheets or logs, computer printouts, computer files, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form. The term "document" shall also include:

1. A copy of the original document when the original document is not in the possession, custody or control of plaintiff, plaintiff's counsel or other agent; and

2. Every copy of a document (a) where such copy is not an identical duplicate of the original, or (b) where such copy contains notations not contained on the original or other copies.

In the event that any document within the scope of this Document Request is withheld from production upon a claim of privilege, you are requested to serve upon Merck's counsel, on the date fixed for inspection and copying of the documents requested herein a written identification of each document withheld from production, setting forth as to each such document:

(a) the nature of the privilege claimed;

(b) the date of the document;

(c) the type of document (i.e. whether it is a letter, memorandum, etc.);

(d) the subject matter of the document;

(e) the name and last known business address of each person who made, prepared or signed the document;

(f) the name and last known business address of each person to whom the document was addressed and each person to whom a copy was sent;

(g) the name and last known business address of any person who at any time had custody, possession or control of the original or a copy of the document, and the name of, address of, and his or her position with the business entity by which he or she was then employed; and

(h) the present location of the document.

**REQUESTS FOR PRODUCTION**

REQUEST FOR PRODUCTION NO. 1:

All documents in your possession upon which you relied in responding to Merck's First Set of Interrogatories. (In your response to this request, please list the interrogatory numbers and subparts.)

REQUEST FOR PRODUCTION NO. 2:

All Vioxx® tablets or capsules in your possession, custody or control.

REQUEST FOR PRODUCTION NO. 3:

All containers in which Vioxx was delivered to or received by you.

REQUEST FOR PRODUCTION NO. 4:

Each and every document that evidences any communication between you and any doctor, any employer, any defendant, any federal or state agency, or any other person (other than your attorney) regarding the incident made the basis of this suit or your claims in this lawsuit.

REQUEST FOR PRODUCTION NO. 5:

All personal diaries, calendars, journals, logs, or similar materials you kept relating to your mental or physical condition at any time, including your physical and mental conditions before, during and after ingestion of Vioxx.

REQUEST FOR PRODUCTION NO. 6:

All photographs, drawings, slides, movies, home videos, edited and unedited, taken by anyone, in your possession, the possession of your attorney or experts, or any other person acting on your behalf, relating to the allegations that form the basis of this lawsuit or any other facts relating to any of the claims in this case.

REQUEST FOR PRODUCTION NO. 7:

Each and every document, including but not limited to product literature, package inserts or labeling, magazine or newspaper articles or advertisements, brochures, e-mails, material from internet sites, videotapes (including videotapes of news or other television programs), or audiotapes (including tapes of news or other radio or television programs), that mentions, refers to or relates to Vioxx and that was made available to you or reviewed by you prior to ingesting Vioxx.

REQUEST FOR PRODUCTION NO. 8:

All employment records of plaintiff, including employment applications, performance evaluations, paychecks, and paycheck stubs for each of the last ten (10) years. (In lieu of these documents, you may execute the attached authorization for said records.)

REQUEST FOR PRODUCTION NO. 9:

Each and every document that establishes any lost wages, lost income, lost commission and/or loss of wage earning capacity that you contend you suffered as a result of the ingestion of Vioxx.

REQUEST FOR PRODUCTION NO. 10:

Your complete federal and state income tax returns and all schedules attached thereto (whether single or joint) for the last seven (7) years.

REQUEST FOR PRODUCTION NO. 11:

Each and every application you have made for health insurance, social security benefits, disability benefits, unemployment benefits, Medicaid, or any other form of benefits.

REQUEST FOR PRODUCTION NO. 12:

Any videotape or sound recordings that have been broadcast on television or radio, or any newspaper, magazine or other published document wherein you or anyone speaking on your behalf (for example, a member of your family or a doctor who has treated you) has discussed Vioxx or any aspect of your claims in this lawsuit.

REQUEST FOR PRODUCTION NO. 13:

Each and every document upon which you rely for your assertion that Vioxx is defective and/or unreasonably dangerous.

REQUEST FOR PRODUCTION NO. 14:

Each and every document upon which you rely for your assertion that Vioxx is defective due to inadequate warnings.

REQUEST FOR PRODUCTION NO. 15:

Each and every document upon which you rely for your assertion that the defendant was negligent in the manufacture, creation, design, testing, labeling, packaging, distribution, supply, marketing, sale, advertising and / or distribution of Vioxx or any component thereof.

REQUEST FOR PRODUCTION NO. 16:

Each and every document containing express representations made by Merck for which you contend that Vioxx does not conform.

REQUEST FOR PRODUCTION NO. 17:

Each and every document you contend contains a material misrepresentation upon which you relied when purchasing Vioxx.

REQUEST FOR PRODUCTION NO. 18:

Each and every document upon which you rely to support any allegation that the defendant breached an express or implied warranty with regard to Vioxx.

REQUEST FOR PRODUCTION NO. 19:

Each and every document that you contend constitutes a warranty made by Merck or any Vioxx supplier, distributor, component or material supplier, physician, medical practitioner, or any other person regarding Vioxx.

<u>REQUEST FOR PRODUCTION NO. 20</u>:

Each and every document upon which you rely to support any allegation that Merck failed to warn of the alleged risks and side effects of Vioxx.

<u>REQUEST FOR PRODUCTION NO. 21</u>:

Any and all published treatises, articles, periodicals, or pamphlets upon which you or your expert witnesses will rely at the trial of this lawsuit or to support any opinions of the expert witnesses.

<u>REQUEST FOR PRODUCTION NO. 22</u>:

All scientific or medical literature in your possession or control that relates to the effect(s) Vioxx may have on test animals or human beings.

<u>REQUEST FOR PRODUCTION NO. 23</u>:

The curriculum vitae of all persons whom you have identified as expert witnesses or medical witnesses.

<u>REQUEST FOR PRODUCTION NO. 24</u>:

Copies of all medical, chiropractic, and/or mental health records that relate to or reflect any medical, chiropractic and/or mental health care, condition or treatment for any of the conditions, injuries, or other damages that you allege in this action. (In lieu of these documents, you may execute the attached authorization for said records.)

REQUEST FOR PRODUCTION NO. 25:

Copies of all medical, pharmacy, chiropractic, and/or mental health records that relate to any medical, chiropractic and/or mental health condition for which you received treatment after January 1, 1995. (In lieu of these documents, you may execute the attached authorization for said records.)

REQUEST FOR PRODUCTION NO. 26:

All documents containing the partial or complete, preliminary or final opinions or conclusions of any expert upon whom you intend to rely at trial.

REQUEST FOR PRODUCTION NO. 27:

All documents evidencing your alleged damages, including doctor and hospital statements, prescriptions or drug invoices, statements for nursing services or other employed help, and canceled checks or other records of payment therefore.

REQUEST FOR PRODUCTION NO. 28:

All prescriptions, invoices, statements or other documents relating to the use of any drug by you since January 1, 1995, including but not limited to Vioxx. This request includes, but is not limited to, documents which evidence any of the following:

(a) Who prescribed the drug;

(b) When the prescription was filled;

(c) The illness, injury or condition for which the prescription was given;

(d) The number of refills allowed and made; or

(e) The dosage prescribed.

REQUEST FOR PRODUCTION NO. 29:

All insurance records dated on or after January 1, 1995, including but not limited to any claims or applications for benefits, any determination regarding such claims, and any records evidencing payment of such claims.

REQUEST FOR PRODUCTION NO. 30:

All documents or reports provided to or reviewed by any witness expected to be called at trial about the incident made the basis of this lawsuit, including but not limited to factual observations, tests, supporting data, calculations, photographs, and opinions prepared in connection with this lawsuit by or for any expert witness.

REQUEST FOR PRODUCTION NO. 31:

All documents relating to Vioxx in your possession that were generated, published or disseminated by or obtained from Merck, or that originated at Merck.

REQUEST FOR PRODUCTION NO. 32:

All documents in your possession relating to Vioxx that were published or distributed by or obtained from the Food and Drug Administration ("FDA") or that originated at the FDA.

REQUEST FOR PRODUCTION NO. 33:

All documents in your possession relating to Vioxx obtained pursuant to a Freedom of Information Act request.

REQUEST FOR PRODUCTION NO. 34:

All documents constituting, evidencing or relating to any claim, lawsuit and / or other legal proceeding brought by you or on your behalf.

REQUEST FOR PRODUCTION NO. 35:

All statements, written or otherwise recorded, of persons who have knowledge or claim to have knowledge related to this case.

REQUEST FOR PRODUCTION NO 36:

Any documents that support or relate to any fact or allegation in your Complaint not previously requested in these production requests.

REQUEST FOR PRODUCTION NO. 37:

Each and every document, including pleadings, answers to interrogatories, deposition transcripts, releases, and covenants not to sue, relating to any action filed by you in any court in which you sought damages for personal and/or economic injuries at any time.

REQUEST FOR PRODUCTION NO. 38:

All transcripts of testimony by or statements of agents, servants, or employees of Merck or anyone you claim was acting on behalf of Merck that discuss, mention or relate to Vioxx.

REQUEST FOR PRODUCTION NO. 39:

All transcripts of testimony by or statements (including expert reports) of any of Merck's experts identified in this litigation.

REQUEST FOR PRODUCTION NO. 40:

Each and every document upon which you rely to support your claim for exemplary damages against Merck.

REQUEST FOR PRODUCTION NO. 41:

Attached to these requests are authorizations for the release of all employment, medical, pharmacy and education records. Please make copies of the attached authorizations as necessary so that all employers, healthcare providers, pharmacies and educational institutions since January 1, 1995, are identified and complete the authorizations with the name and address of each employer, healthcare provider, pharmacy and/or educational institution and any other identifying information set forth on the form and return each with your notarized signature along with your written responses to these requests.

Dated: New York, New York
November 10, 2006

HUGHES HUBBARD & REED LLP

By: Vilia B. Hayes
Vilia B. Hayes
Attorneys for Defendant
Merck & Co., Inc.
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

TO: Ronald R. Benjamin, Esq.
Law Office of Ronald R. Benjamin
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607

Christopher M. Strongosky, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104

**AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)**

Name: ____________________

Date of Birth: __________________________

Social Security Number: _________________

I hereby authorize ________________________________

________________________________

________________________________

________________________________

to release all existing medical records and information regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses revealed by observation or treatment past, present and future to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004 and/or its designated agent.** These records shall be used solely in connection with the currently pending litigation involving the person named above. This authorization shall cease to be effective as of the date on which that litigation concludes.

I understand that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, fetal monitor strips, discharge summaries, photographs, surgery consent forms, informed consent forms regarding family planning, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services

furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP.

Dated this ___ day of _____________, 2006

___________________________________

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:

________________________________________________________

________________________________________________________

________________________________________________________

________________________________________________________

________________________________________________________

**AUTHORIZATION FOR RELEASE OF PSYCHOLOGICAL/PSYCHIATRIC RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)**

Name: ______________________

Date of Birth:_________________________

Social Security Number:________________

I hereby authorize ______________________________

______________________________

______________________________

______________________________

to release all existing records and information regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses revealed by observation or treatment past, present and future to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004 and/or its designated agent.** These records shall be used solely in connection with the currently pending litigation involving the person named above. This authorization shall cease to be effective as of the date on which that litigation concludes.

I understand that this authorization includes information regarding the diagnosis and treatment of psychiatric and psychological disorders, and that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, fetal monitor strips, discharge summaries, photographs, surgery consent forms, informed consent forms regarding family planning, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including

Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP.

Dated this ____ day of ___________, 2006

_________________________________

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:

_____________________________________________________

_____________________________________________________

_____________________________________________________

_____________________________________________________

_____________________________________________________

**AUTHORIZATION FOR RELEASE OF PSYCHOTHERAPY NOTES PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)**

Name: ______________________

Date of Birth:_________________________

Social Security Number:________________

I hereby authorize ______________________________

______________________________

______________________________

to release all existing psychotherapy notes regarding the above-named person's medical care, treatment, physical/mental condition, and/or medical expenses revealed by observation or treatment past, present and future to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004 and/or its designated agent.** These records shall be used solely in connection with the currently pending litigation involving the person named above. This authorization shall cease to be effective as of the date on which that litigation concludes.

I understand that this authorization includes all psychotherapy notes maintained separately from the above-named person's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress.

I understand that the health information being disclosed by these psychotherapy notes may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents,

employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP.

Dated this ___ day of ____________, 2006

________________________________

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:

___________________________________________________

___________________________________________________

___________________________________________________

___________________________________________________

___________________________________________________

# AUTHORIZATION FOR RELEASE OF RECORDS

Name: ______________________

Date of Birth:________________________

Social Security Number:_______________

I hereby authorize ____________________________

____________________________

____________________________

____________________________

to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004 and/or its designated agent.** These records shall be used solely in connection with the currently pending litigation involving the person named above. This authorization shall cease to be effective as of the date on which that litigation concludes.

I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP.

Dated this ___ day of _________, 2006

____________________________

## AUTHORIZATION FOR RELEASE OF RECORDS

Name: ______________________

Date of Birth:____________________________

Social Security Number:_________________________

I hereby authorize _________________________________

_________________________________

_________________________________

_________________________________

to release all existing records and information in its possession regarding the above-named person's employment and education (with the exception of W-4 and W-2 forms) to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004 and/or its designated agent.** These records shall be used solely in connection with the currently pending litigation involving the person named above. This authorization shall cease to be effective as of the date on which that litigation concludes.

I understand that this authorization includes the above-named person's complete employment personnel file with the exception of W-4 and W-2 forms (including attendance reports, performance reports, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP.

Dated this ___ day of ___________, 2006

_________________________________

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DEAN SANTACROSE,<br><br>Plaintiff,<br><br>-against-<br><br>PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,<br><br>Defendants. | **No.: 111290/06**<br><br>**AFFIDAVIT OF SERVICE** |

SARAH A. BINDER, being duly sworn, deposes and says that she is over the age of 18 years and not a party to this action, that she is associated with the firm of Hughes Hubbard & Reed, counsel for Defendant, and that, on November 13, 2006, she served a true and accurate copy of the Notice to Take Deposition, the First Set of Requests for Production of Documents to Plaintiff Dean Santacrose Propounded by Defendant Merck & Co., Inc., the Demand for Disability Claim Information, the Demand for Statements, the Demand for Expert Disclosure, the Demand for Names and Addresses of Witnesses, the Demand for Collateral Source Reimbursement Information Pursuant to C.P.L.R. §§3101, 3102 and 4545, and the First Set of Interrogatories to Plaintiff Dean Santacrose Propounded by Defendant Merck & Co., Inc. via first-class mail, postage prepaid, on Plaintiff's counsel, Ronald R. Benjamin, Law Office of Ronald R. Benjamin, 126 Riverside Drive, Binghamton, New York 13902, and on counsel for Defendants Pfizer, Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company,

Christopher Strongosky, DLA Piper US LLP, 1251 Avenue of the Americas, New York, NY 10020.

Sarah A. Binder

Sworn to before me this
13 day of November, 2006

Helene Sue McBride
Notary Public

HELENE SUE McBRIDE
NOTARY PUBLIC, State of New York
No. 01MC6136968
Qualified in Queens County
Commission Expires Nov. 14, 2009

COUNTY CLERK'S INDEX
No. 111290/06

# Supreme Court

COUNTY OF NEW YORK

DEAN SANTACROSE,

Plaintiff,

-against-

PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,

Defendants.

**ORIGINAL**

COMBINED DEMANDS

**Hughes Hubbard & Reed LLP**

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212 837-6000

Attorneys for Defendant
MERCK & CO., INC.

By: Vilia B. Hayes
Vilia B. Hayes, Esq.

FILED
2006

UCS-840 (REV

# REQUEST FOR JUDICIAL INTERVENTION

Original E-filed as Document # 4

| Supreme | New York | 111290/06 | 8/11/2006 |
|---|---|---|---|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

For Clerk Only

FEB 26 2008

IAS entry

Judge Assigned

RJI Date

PLAINTIFF(S)

Dean Santacrose,

003676

002226

3-6-08

DEFENDANT(S)

Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc.

Date issue joined: N/A Bill of particulars served (Y/N) [☐] Yes [☒] No

**NATURE OF JUDICIAL INTERVENTION** (check **ONE** box only **AND** enter information)

[☐] Request for preliminary conference

[☐] Note of issue and/or certificate of readiness

[☒] Notice of motion (return date: 3/6/2008 )

Relief sought Motion to Dismiss

[☐] Order to show cause (clerk enter return date: )

Relief sought

[☐] other ex parte application (specify: )

[☐] Notice of petition (return date: )

Relief sought

[☐] Notice of medical or dental malpractice action (specify: )

[☐] Statement of net worth

[☐] Writ of habeas corpus

[☐] other (specify: )

**NATURE OF ACTION OR PROCEEDING** (check **ONE** box only)

**MATRIMONIAL**

[☐] Contested -CM

[☐] Uncontested -UM

**COMMERCIAL**

[☐] Contract -CONT

[☐] Corporate -CORP

[☐] Insurance (where insurer is a party, except arbitration) -INS

[☐] UCC (including sales, negotiable instruments) -UCC

[☐] *Other Commercial -OC

**REAL PROPERTY**

[☐] Tax Certiorari -TAX

[☐] Foreclosure -FOR

[☐] Condemnation -COND

[☐] Landlord/Tenant -LT

[☐] *Other Real Property -ORP

**OTHER MATTERS**

[☐] * -OTH

**TORTS**

Malpractice

[☐] Medical/Podiatric -MM

[☐] Dental -DM

[☐] *Other Professional -OPM

[☐] Motor Vehicle -MV

[☒] *Products Liability Pharmaceutical -PL

[☐] Environmental -EN

[☐] Asbestos -ASB

[☐] Breast Implant -BI

[☐] *Other Negligence -OTN

[☐] *Other Tort (including intentional) -OT

**SPECIAL PROCEEDINGS**

[☐] Art. 75 (Arbitration) -ART75

[☐] Art. 77 (Trusts) -ART77

[☐] Art. 78 -ART78

[☐] Election Law -ELEC

[☐] Guardianship (MHL Art. 81) -GUARD81

[☐] *Other Mental Hygiene -MHYG

[☐] *Other Special Proceeding -OSP

2002 © American LegalNet, Inc.

UCS-840 (REV

Original E-filed as Document # 4

# REQUEST FOR JUDICIAL INTERVENTION

| Supreme | New York | 111290/06 | 8/11/2006 |
|---|---|---|---|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

For Clerk Only

FEB 26 2008

IAS entry

Judge Assigned

RJI Date

PLAINTIFF(S)

Dean Santacrose,

003676

002226

3-6-08

DEFENDANT(S)

Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc.

3-6-08

Seq #001

Date issue joined: N/A  Bill of particulars served (Y/N) [☐] Yes [☒] No

**NATURE OF JUDICIAL INTERVENTION** (check **ONE** box only **AND** enter information)

[☐] Request for preliminary conference

[☐] Note of issue and/or certificate of readiness

[☒] Notice of motion (return date: 3/6/2008 )

Relief sought Motion to Dismiss

[☐] Order to show cause (clerk enter return date: )

Relief sought

[☐] other ex parte application (specify: )

[☐] Notice of petition (return date: )
Relief sought

[☐] Notice of medical or dental malpractice action (specify: )

[☐] Statement of net worth

[☐] Writ of habeas corpus

[☐] other (specify: )

**NATURE OF ACTION OR PROCEEDING** (check **ONE** box only)

**MATRIMONIAL**

[☐] Contested -CM
[☐] Uncontested -UM

**COMMERCIAL**

[☐] Contract -CONT
[☐] Corporate -CORP
[☐] Insurance (where insurer is a party, except arbitration) -INS
[☐] UCC (including sales, negotiable instruments) -UCC
[☐] *Other Commercial -OC

**REAL PROPERTY**

[☐] Tax Certiorari -TAX
[☐] Foreclosure -FOR
[☐] Condemnation -COND
[☐] Landlord/Tenant -LT
[☐] *Other Real Property -ORP

**OTHER MATTERS**

[☐] * -OTH

**TORTS**

Malpractice

[☐] Medical/Podiatric -MM
[☐] Dental -DM
[☐] *Other Professional -OPM

[☐] Motor Vehicle -MV
[☒] *Products Liability -PL
Pharmaceutical

[☐] Environmental -EN
[☐] Asbestos -ASB
[☐] Breast Implant -BI
[☐] *Other Negligence -OTN

[☐] *Other Tort (including intentional) -OT

**SPECIAL PROCEEDINGS**

[☐] Art. 75 (Arbitration) -ART75
[☐] Art. 77 (Trusts) -ART77
[☐] Art. 78 -ART78
[☐] Election Law -ELEC
[☐] Guardianship (MHL Art. 81) -GUARD81
[☐] *Other Mental Hygiene -MHYG
[☐] *Other Special Proceeding -OSP

2002 © American LegalNet Inc

following questions:

... each of the ... proceeding against

YES NO
[☐] [☒] Municipality:
(specify ____________________)

YES NO
[☐] [☒] Public Authority:
(specify ____________________)

YES NO
[☐] [☒] Does this action/proceeding seek equitable relief?
[☒] [☐] Does this action/proceeding seek recovery for personal injury?
[☐] [☒] Does this action/proceeding seek recovery for property damage?

**Pre-Note Time Frames:**
**(This applies to all cases except contested matrimonials and tax certiorari cases)**

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

☐ Expedited: 0-8 months ☐ Standard: 9-12 months ☒ Complex: 13-15 months

**Contested Matrimonial Cases Only:** (Check and give date)

Has summons been served? ☐ No ☐ Yes, Date ____________

Was a Notice of No Necessity filed? ☐ No ☐ Yes, Date ____________

**ATTORNEY(S) FOR PLAINTIFF(S)**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | See Rider Sheet | | |
| ☐ | | | |

**ATTORNEY(S) FOR DEFENDANT(S)**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | See Rider Sheet | | |
| ☐ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

**INSURANCE CARRIERS:**

**RELATED CASES: (IF NONE, write "NONE" below)**

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|

In re: New York Bextra and Celebrex Product Liability Litigation, Index No. 762000/06, Supreme Court, New York County

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 2/8/2008

(SIGNATURE)

Tiffany L. Christian
(PRINT OR TYPE NAME)

Pfizer Inc. (see Rider)
ATTORNEY FOR

**ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION**

2002 © AmericanLegalNet, Inc

RIDER SHEET

| | |
|---|---|
| Attorneys for Plaintiff | Ronald R. Benjamin<br>LAW OFFICES OF RONALD R. BENJAMIN<br>126 Riverside Drive<br>P.O. Box 607<br>Binghamton, New York 13902-0607<br>(607) 772-1442 |
| Attorneys for Defendants | Christopher M. Strongosky<br>Tiffany L. Christian<br>DLA PIPER US LLP<br>1251 Avenue of the Americas<br>New York, New York 10020<br>(212) 335-4500 |

COURTESY COPY
Original E-filed as Document # 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK 003676

IN RE: NEW YORK BEXTRA AND CELEBREX PRODUCT LIABILITY LITIGATION

Index No. 762000/06

Hon. Shirley W. Kornreich

THIS DOCUMENT APPLIES TO:

DEAN SANTACROSE 002226

Plaintiff,

Index No. 111290/06

FILED

APR 09 2008

COUNTY CLERK'S OFFICE NEW YORK

v.

NOTICE OF MOTION TO DISMISS

(COMPLIANCE MOTION NO. 2)

PFIZER INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,

Defendants.

PLEASE TAKE NOTICE that upon the Affirmation of Christopher M. Strongosky dated February 8, 2008, the exhibit annexed thereto, and all the files, papers, and proceedings herein, the undersigned will move this Court on behalf of Defendants Pfizer Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company (collectively "Pfizer Defendants") at the Courthouse, located at 60 Centre Street, New York, New York, at Room 130, on the 6th day of March, 2008 at 9:30 a.m., or as soon thereafter as counsel can be heard, and move this Court for an Order dismissing Plaintiff's claims against Pfizer Defendants with prejudice for failing to comply with Case Management Order No. 6 and the Order entered by the Special Master, United States District Judge Fern M. Smith (Ret.), on November 5, 2007.

PLEASE TAKE FURTHER NOTICE that, pursuant to Case Management Order No. 6, paragraph 10.f., answering papers, if any, are required to be served upon the undersigned at least ten (10) days before the return date of this motion, and reply papers, if any, are required to be served at least five (5) days before the return date of this motion.

Dated: New York, New York
February 8, 2008

Amy W. Schulman, Esq.
Loren H. Brown, Esq.
Christopher M. Strongosky, Esq.
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 835-6000

*Attorneys for Pfizer Defendants*

TO: Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442

This document has NOT been E-Filed

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| IN RE: NEW YORK BEXTRA AND CELEBREX PRODUCT LIABILITY LITIGATION | Index No. 762000/06 |
| THIS DOCUMENT APPLIES TO: | |
| DEAN SANTACROSE,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,<br><br>Defendants. | Index No. 111290/06<br><br>AFFIRMATION OF CHRISTOPHER M. STRONGOSKY<br><br>(COMPLIANCE MOTION NO. [illegible]) |

FILED
APR 2008
COUNTY CLERK'S OFFICE
NEW YORK
FILED
APR 09 2008
COUNTY CLERK'S OFFICE
NEW YORK

CHRISTOPHER M. STRONGOSKY, an attorney duly admitted to practice law before the courts of the State of New York, hereby affirms under the penalties of perjury as follows:

1. I am a member of the law firm of DLA Piper US LLP, attorneys for Defendants Pfizer Inc., Pharmacia Corporation and Pharmacia & Upjohn Company (the "Pfizer Defendants") in this case. I am fully familiar with the facts and circumstances of this matter.

2. Attached hereto as Exhibit 1 is a true and correct copy of Special Master Fern M. Smith's November 5, 2007 Order ("Compliance Order") granting Defendants' expedited motion seeking an Order requiring compliance with Case Management Order No. 6.

3. Pursuant to the Compliance Order, Plaintiff was required to serve a Plaintiff Fact Sheet ("PFS") within twenty-one (21) days of the Order. Judge Smith also ordered that "[f]ailure

to comply with this Order may result in any of the sanctions referred to in CMO No. 6, including dismissal with prejudice." Ex. 1, Compliance Order.

4. Plaintiff has failed to serve Pfizer Defendants with a PFS within twenty-one (21) days of the Compliance Order, or at any time since.

5. As authorized by CMO No. 6, paragraphs 7, 9, and 10, based on the failure of Plaintiff to serve a PFS pursuant to CMO No. 6, and thereafter pursuant to Judge Smith's November 5, 2007 Compliance Order, Plaintiff's causes of action against Pfizer Defendants should be dismissed with prejudice.

6. No prior relief has been sought.

Dated: New York, New York
February 8, 2008

Christopher M. Strongosky

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| IN RE: NEW YORK BEXTRA AND CELEBREX PRODUCT LIABILITY LITIGATION | Index No. 762000/06<br>ORDER GRANTING DEFENDANTS' EXPEDITED MOTION SEEKING ORDER REQUIRING COMPLIANCE WITH CASE MANAGEMENT ORDER NO. 6 |
| THIS DOCUMENT APPLIES ONLY TO CASES LISTED ON APPENDIX A | (COMPLIANCE MOTION NO. 2) |

THIS MATTER having come before the Court on Defendants' Expedited Motion Seeking Order Requiring Compliance with Case Management Order ("CMO") No. 6; the parties having received due notice and having had the opportunity to be heard; and this Court having considered all submissions made in support of and in opposition to the motion:

IT IS HEREBY ORDERED THAT Defendants' Expedited Motion Seeking Order Requiring Compliance with CMO No. 6 is GRANTED. Plaintiffs listed in Appendix A must serve on Defendants a completed Plaintiff Fact Sheet, correctly executed Authorizations, and Responsive Documents (or notice that none are in the possession of Plaintiff or Plaintiff's counsel) within twenty-one (21) days of the date of entry of this Order.

Failure to comply with this Order may result in any of the sanctions referred to in CMO No. 6, including dismissal with prejudice.

Dated: November 5, 2007

Honorable Fern M. Smith
United States District Judge (Ret.)
Special Master

FILED
NOV 14 2007
NEW YORK
COUNTY CLERK'S OFFICE

# APPENDIX A

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 1 | Carol Adelberg, et ux., Arthur Adelberg, and Antonio Amendoeira, et ux. Maria Amendoeira vs. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation and Merck & Co., Inc. | Adelberg, Carol | 401585/07 | Law Office of Ronald R. Benjamin |
| 2 | Geraldine Alapeck v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Alapeck, Geraldine | 111293/06 | Law Office of Ronald R. Benjamin |
| 3 | Joseph Apice v. Pfizer Inc. | Apice, Joseph | 150418/07 | Weitz & Luxenberg, P.C. |
| 4 | Carolyn Barney v. Pfizer Inc. | Barney, Carolyn | 150100/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 5 | Josephine Bartlett, et ux. Carl Bartlett, Maria Rozario, et ux. Cyril Rozario, Michael Smith, et ux. Bonnie Lou Mitchell, and Pamela Saccone v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation | Bartlett, Josephine | 116111/04 | Law Office of Ronald R. Benjamin |
| 6 | Ben Beecham v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Beecham, Ben | 105679/07 | Matthews & Associates |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 7 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Bilik, Anthony | 101550/05 | Law Office of Ronald R. Benjamin |
| 8 | Helen Bilik, Elizabeth Boone, Mary J. Mahar, Carolyn S. Croft, Geraldine M. Alapeck, Dean Santacrose, and Stasia Simmons vs. Pfizer Inc., Pharmacia Corporation, a wholly-own subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Bilik, Helen | 106237/05 | Law Office of Ronald R. Benjamin |
| 9 | Ronald Bramson and Elaine Bramson v. Pfizer Inc. | Bramson, Ronald | 101271/07 | Douglas & London, P.C. |
| 10 | Minnie H. Young, Individually and as Executrix of the Estate of Renee Burnett, Deceased v. Pfizer Inc., Pharmacia Corp, f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Burnett, Renee | 150333/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 11 | Janice D. Bush v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Bush, Janice D. | 150047/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 12 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Cadwell, Albert | 106547/05 | Law Office of Ronald R. Benjamin |
| 13 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Cadwell, Samuella | 106547/05 | Law Office of Ronald R. Benjamin |
| 14 | Sixta A. Claudio v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Claudio, Sixta A. | 150334/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 15 | Timothy A. Corkran v. Pfizer Inc. | Corkran, Timothy A. | 150117/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 16 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Corprew, Wilbert E. | 106547/05 | Law Office of Ronald R. Benjamin |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 17 | Carolyn Croft v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Croft, Caroline S. | 111295/06 | Law Office of Ronald R. Benjamin |
| 18 | Altoria Dallas v. Pfizer Inc. | Dallas, Altoria | 150118/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 19 | Patricia J. Danberry v. Pfizer Inc. | Danberry, Patricia J. | 150119/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 20 | Joseph DeStefano v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | DeStefano, Joseph | 150071/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 21 | Shirley Diggs v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Diggs, Shirley | 150266/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 22 | Michael D. Donovant v. Pfizer Inc. | Donovant, Michael D. | 104609/07 | Matthews & Associates |
| 23 | Mayra Figueroa v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Figueroa, Mayra | 111296/06 | Law Office of Ronald R. Benjamin |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 24 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Golub, Robert | 101550/05 | Law Office of Ronald R. Benjamin |
| 25 | Teri L. Hall v. Pfizer Inc. | Hall, Teri L. | 150359/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 26 | Glenna M. Harrison and Roger Harrison, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Harrison, Glenna M. | 150260/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 27 | Dorothy M. Hocker v. Pfizer Inc. | Hocker, Dorothy M. | 150150/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 28 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | House, Rebecca M. | 101550/05 | Law Office of Ronald R. Benjamin |
| 29 | Ruth Ice v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Ice, Ruth | 150255/07 | Napoli Bern Ripka, LLP; Watts Law Firm |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 30 | Kevin D. James v. Pfizer Inc. | James, Kevin D. | 150172/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 31 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Jaros, Barbara | 116110/04 | Law Office of Ronald R. Benjamin |
| 32 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Jarvis, Patricia | 101550/05 | Law Office of Ronald R. Benjamin |
| 33 | Joseph E. Jenkins, III v. Pfizer Inc. | Jenkins, III, Joseph E. | 150361/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 34 | Shirley A. Jenkins v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Jenkins, Shirley A. | 150051/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 35 | Merton J. Kreps, Sr. v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Kreps, Sr., Merton J. | 150050/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 36 | George Lacey and Roxanne S. Lacey, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co., and Monsanto Company | Lacey, George | 150349/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 37 | Lester A. Lamb v. Pfizer Inc. | Lamb, Lester A. | 150160/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 38 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Lupole, Barbara I. | 101550/05 | Law Office of Ronald R. Benjamin |
| 39 | Mary Mahar v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Mahar, Mary J. | 111300/06 | Law Office of Ronald R. Benjamin |
| 40 | Anthony Marchetti and Beverly Marchetti, h/w v. Pfizer Inc. | Marchetti, Anthony | 113362/06 | Weitz & Luxenberg, P.C. |
| 41 | Beth A. McAllen v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | McAllen, Beth A. | 150080/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 42 | Marion McCaskill-Whittington v. Pfizer Inc. | McCaskill-Whittington, Marion | 150386/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 43 | Dorothy McKinley v. Pfizer Inc. | McKinley, Dorothy | 150170/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 44 | Roy Medlin v. Pfizer Inc. | Medlin, Roy | 150380/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 45 | Llyod Moore v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Moore, Llyod | 150295/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 46 | Barbara O'Farrell v. Pfizer Inc. | O'Farrell, Barbara | 150396/07 | Weitz & Luxenberg, P.C. |
| 47 | David Ott v. Pfizer Inc. | Ott, David | 150007/07 | Weitz & Luxenberg, P.C. |
| 48 | Jane Outlar, Individually and as Representative for the Estate of David N. Outlar, Deceased v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co., and Monsanto Company | Outlar, David N. | 150341/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 49 | Donald J. Paquin v. Pfizer Inc. | Paquin, Donald J. | 150182/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 50 | Marcus B. Patterson v. Pfizer Inc. | Patterson, Marcus B. | 150332/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 51 | Frank H. Alessio, et ux. Patricia A. Alessio, Lucy Pedone, and Vernon Ramoutar v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation | Pedone, Lucy | 101549/05 | Law Office of Ronald R. Benjamin |
| 52 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Peer, Bruce D. | 116110/04 | Law Office of Ronald R. Benjamin |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 53 | Bobbie A. Pen v. Pfizer Inc. | Pen, Bobbie A. | 150290/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 54 | Robert W. Phillips v. Pfizer Inc. | Phillips, Robert W. | 150315/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 55 | Kevin Pitcher v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Pitcher, Kevin | 111311/06 | Law Office of Ronald R. Benjamin |
| 56 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Plocek, Elsa | 106547/05 | Law Office of Ronald R. Benjamin |
| 57 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Quackenbush, Ronald, Sr. | 116110/04 | Law Office of Ronald R. Benjamin |
| 58 | Carolyn E. Rabb v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Rabb, Carolyn E. | 150085/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 59 | Marianne Raftis v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Raftis, Marianne | 111297/06 | Law Office of Ronald R. Benjamin |
| 60 | Maria H. Restrepo v. Pfizer Inc. | Restrepo, Maria H. | 150197/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 61 | Lula Roberson v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Roberson, Lula | 150393/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 62 | Maria Rozario, et ux. Cyril Rozario v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc. and Pharmacia and Upjohn Company, wholly-owned subsidiary of Pharmacia Corporation | Rozario, Maria | 103934/06 | Law Office of Ronald R. Benjamin |
| 63 | Maria Rozario and Cyril Rozario v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Rozario, Maria | 150235/07 | Napoli Bern Ripka, LLP |
| 64 | Khanom Salmassie v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Salmassie, Khanom | 150394/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 65 | Dean Santacrose v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Santacrose, Dean | 111290/06 | Law Office of Ronald R. Benjamin |

Deleted FMW (61)

Deleted FMW (63)

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 66 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Schaffer, Ronald H. | 106547/05 | Law Office of Ronald R. Benjamin |
| 67 | Ernest D. Schroeder v. Pfizer Inc. | Schroeder, Ernest D. | 150372/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 68 | Ella Schulp, Individually and as Proposed Administrator of the Estate of Eugene Schulp, Deceased v. Pfizer Inc. | Schulp, Eugene | 150406/07 | Weitz & Luxenberg, P.C. |
| 69 | David D. Sellers v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Sellers, David D. | 150087/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 70 | Kenneth E. Shaddix v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Shaddix, Kenneth E. | 150088/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 71 | Betty C. Shagen v. Pfizer Inc. | Shagen, Betty C. | 150319/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 72 | Sarah M. Shoulders v. Pfizer Inc. | Shoulders, Sarah M. | 150207/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 73 | Michael Smith, et ux Bonnie Lou Mitchell v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a whollly-owned subsidiary of Pharmacia Corporation | Smith, Michael | 115440/05 | Law Office of Ronald R. Benjamin |
| 74 | Johnny A. Sours v. Pfizer Inc. | Sours, Johnny A. | 150403/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 75 | Lori Dufresne, Individually and as personal representative for Frank Spencer, deceased v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Spencer, Frank | 402996/07 | Law Office of Ronald R. Benjamin |
| 76 | Margaret Steinhoff, et ux. Michael Steinhoff v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Steinhoff, Margaret | 111292/06 | Law Office of Ronald R. Benjamin |
| 77 | Keith H. Stender v. Pfizer Inc. | Stender, Keith H. | 150223/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 78 | Susan N. Thaler v. Pfizer Inc. | Thaler, Susan N. | 150225/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 79 | Jimmy E. Thompson v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Thompson, Jimmy E. | 150301/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 80 | Thelma Tomasco v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Tomasco, Thelma | 150091/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 81 | Tamatha Tucker v. Pfizer Inc. | Tucker, Tamatha | 116286/06 | Weitz & Luxenberg, P.C. |
| 82 | Clifton B. Whitehead v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Whitehead, Clifton B. | 150094/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 83 | John Wolfe and Thai Wolfe, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Wolfe, John | 150240/07 | Napoli Bern Ripka, LLP; Watts Law Firm |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| IN RE: NEW YORK BEXTRA AND CELEBREX PRODUCT LIABILITY LITIGATION | Index No. 762000/06 |
| THIS DOCUMENT APPLIES TO: | |
| DEAN SANTACROSE, Plaintiff, v. PFIZER INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC., Defendants. | Index No. 111290/06<br>[PROPOSED] ORDER<br>(COMPLIANCE MOTION NO. 2) |

THIS MATTER having come before the Court on the Pfizer Defendants' Motion to Dismiss; the parties having received due notice and having had the opportunity to be heard; and this Court having considered all submissions made in support of and in opposition to the motion, finds as follows:

Plaintiff has failed to comply with Case Management Order No. 6 ("CMO No. 6") by failing to provide Pfizer Defendants with a completed Plaintiff Fact Sheet ("PFS"), correctly executed authorizations, and responsive documents within sixty (60) days after the filing of his case. Plaintiff also has failed to comply with the Order issued by the Special Master, Judge Fern M. Smith (Ret.), on November 5, 2007, requiring Plaintiff to provide the discovery required by CMO No. 6 within twenty-one (21) days of entry of that Order or face dismissal with prejudice.

Based on these failures, the Court also finds as follows:

(1) The public's interest in expeditious resolution of this litigation is compromised by Plaintiff's failure to comply with CMO No. 6 and the Special Master's Compliance Order. This Court and the public have an overriding interest in securing the just, speedy, and inexpensive determination of every action. Plaintiff's failures are unreasonable and have impeded the resolution of these matters.

(2) The Court's need to manage its docket is compromised by Plaintiff's failure to comply with CMO No. 6 and the Special Master's Compliance Order. The Court cannot effectively move forward with the cases in which plaintiffs have provided the required discovery when other plaintiffs have failed to do so. Dismissal of Plaintiff's case will serve to appropriately penalize him for his non-compliance and also will encourage other plaintiffs to comply with this Court's Case Management Orders.

(3) Defendants are prejudiced by Plaintiff's failure to comply with CMO No. 6 and the Special Master's Compliance Order. Without the discovery required by CMO No. 6, the Pfizer Defendants cannot defend themselves because they have no information about Plaintiff or Plaintiff's injuries outside the allegations in the Complaint. Pfizer Defendants are also prejudiced by the loss of evidence and memory that attend the delay in providing required discovery, factors that are aggravated by the complexity of this litigation.

(4) The public policy favoring disposition on the merits is overridden by Plaintiff's failure to comply with CMO No. 6 and the Special Master's Compliance Order. The Court finds that Plaintiff's failure to provide the required discovery obstructs resolution of his claims on the merits. A case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.

(5) There are no less drastic sanctions available to force Plaintiff to comply with this Court's Orders. The Court finds that CMO No. 6 and the Special Master's Compliance Order both provide specific warnings stating that claims may be dismissed with prejudice for failure to comply with discovery obligations.

Accordingly, in light of this Court's role in overseeing this litigation, the Court hereby

finds that dismissal of Plaintiff's claims, with prejudice, is warranted.

THEREFORE, IT IS HEREBY ORDERED THAT the Pfizer Defendants' Motion to Dismiss is GRANTED and Plaintiff's causes of action against Pfizer Defendants are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: March ___, 2008

_______________________________
Hon. Shirley W. Kornreich

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years old and not a party to this action. On the 8th day of February, 2008, I caused to be served true copies of the foregoing Pfizer Defendants' NOTICE OF MOTION TO DISMISS (COMPLIANCE MOTION NO. 2), AFFIRMATION OF CHRISTOPHER M. STRONGOSKY (COMPLIANCE MOTION NO. 2) and exhibit attached thereto, and [PROPOSED] ORDER (COMPLIANCE MOTION NO. 2) on the following counsel by U.S. mail:

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607

Mitchell Breit
WHATLEY DRAKE & KALLAS LLC
1540 Broadway, 37th Floor
New York, New York 10036

David Rosenband
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10038

the addresses designated by said attorneys for that purpose. Service was completed by depositing true copies of same, enclosed in postpaid properly addressed wrappers, in an official depository under the exclusive care and custody of the United States Postal Service.

Luke K. Tamura

Sworn to before me this
8th day of February, 2008

Notary Public

TARSHA THOMPSON
Notary [illegible] State of New York
[illegible] 58309
[illegible] County
Commission Expires May 7, 2011

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years and not a party to this action. On the 11th day of February, 2008, I caused to be served a true copy of the foregoing Pfizer Defendants' NOTICE OF MOTION TO DISMISS (COMPLIANCE MOTION NO. 2), AFFIRMATION OF CHRISTOPHER M. STRONGOSKY (COMPLIANCE MOTION NO. 2) and exhibit attached thereto, and [PROPOSED] ORDER (COMPLIANCE MOTION NO. 2) on counsel by overnight delivery at the following address:

Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004

the address designated by said attorney for that purpose. Service by overnight delivery was completed by depositing a true copy of same enclosed in a properly addressed wrapper into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery.

Luke K. Tamura

Sworn to before me this
13th day of February, 2008

Notary Public

JEROME McCAIN
Notary Public, State of New York
No. 01MC5050517
Qualified In Bronx County
Certificate Filed in New York County
Commission Expires December 11, 2009

This document has NOT been E-Filed

STATE OF NEW YORK
UNIFIED COURT SYSTEM
FIRST JUDICIAL DISTRICT
SUPREME COURT, CIVIL BRANCH
60 CENTRE STREET
NEW YORK, NEW YORK 10007-1474
(646) 386-3170
FAX (212) 374-1803

JONATHAN LIPPMAN
Chief Administrative Judge

JOAN B. CAREY
Deputy Chief Administrative Judge
New York City Courts

JACQUELINE W. SILBERMANN
Administrative Judge
First Judicial District
Supreme Court, Civil Branch

FILED
APR 09 2008
COUNTY CLERK'S OFFICE
NEW YORK

## ADMINISTRATIVE ORDER

By the authority vested in me as Administrative Judge of the Supreme Court, Civil Branch, New York County, in light of the Decisions and Orders of the Litigation Coordinating Panel of the State of New York identified below, and pursuant to Section 202.69 (c ) (1) of the Uniform Rules for the Trial Courts, and in view of the facts that the Supreme Court, Civil Branch, New York County has established a Center for Complex Litigation in implementation of the recommendations of the Comprehensive Civil Justice Program - - 2005 and the undersigned, by Administrative Order dated February 21, 2006, has assigned several Justices to said Center,

IT IS HEREBY ORDERED as follows:

Bextra, Celebrex and Vioxx Cases

1. Pursuant to Administrative Order dated December 2, 2005, various cases seeking damages for personal injury from ingestion of the drug Bextra only, were assigned to Hon. Shirley W. Kornreich, one of the Justices of the Center, for the purpose of coordination as set forth in Uniform Rule 202.69 and, in the case of New York County matters, for all other purposes as well.

2. All other cases currently pending in Supreme Court, New York County, or hereafter commenced here in which the plaintiff seeks damages for personal injury alleged to have resulted from ingestion of Bextra, Celebrex, or Vioxx, whether alone or in any combination, shall be assigned to Justice Kornreich for all purposes.

Hormone Replacement Therapy

3. All cases seeking damages for personal injury alleged to have occurred as a result of the ingestion of medications in the course of hormone replacement therapy ("Hormone

Replacement Therapy Actions") that are currently pending in the Supreme Court, Civil Branch, New York County or that shall hereafter be commenced in this County shall be assigned to Hon. Martin Shulman, one of the Justices of the Center, for the purpose of coordination as set forth below and for all other purposes.

4. In addition, the Litigation Coordinating Panel, by Decision and Order dated March 27, 2006 in the matter of Marshall v. Pfizer, Inc., Index No. 105816/2004 (New York County), Panel Case No. 0004/2005, has directed that Hormone Replacement Therapy Actions shall be coordinated pursuant to Uniform Rule 202.69 in the Supreme Court of the State of New York, County of New York, before a Coordinating Justice of that county. Justice Shulman is hereby designated the Coordinating Justice for the coordination directed by the Panel in the said Decision and Order.

5. Pursuant to the Decision and Order of the Panel, all the actions set forth in the caption and Appendix thereof, and any other Hormone Replacement Therapy Actions that were filed as of the date of the Decision and Order and that remain active but that were not included in the caption or Appendix thereof and that are transferred to this County pursuant to the Decision and Order, and any other such Actions as may be filed and transferred subsequent to the date of the Decision and Order shall be assigned to Justice Shulman for purposes of the coordination.

Fleet Phospho Soda Cases

6. All cases seeking damages for personal injury alleged to have occurred as a result of the use of Fleet Phospho Soda as a bowel cleanser ("Fleet Phospho Soda Actions") that are currently pending in the Supreme Court, Civil Branch, New York County or that shall hereafter be commenced in this County shall be assigned to Hon. Marcy S. Friedman, one of the Justices of the Center, for the purpose of coordination as set forth below and for all other purposes.

7. In addition, the Litigation Coordinating Panel, by Decision and Order dated March 28, 2006 in the matter of Goldwasser v. C.B. Fleet Holding Company, Inc., Index No. 117698/2004 (New York County), Panel Case No. 0005/2005, has directed that Fleet Phospho Soda Actions shall be coordinated pursuant to Uniform Rule 202.69 in the Supreme Court of the State of New York, County of New York, before a Coordinating Justice of that county. Justice Friedman is hereby designated the Coordinating Justice for the coordination directed by the Panel in the said Decision and Order.

8. Pursuant to the Decision and Order of the Panel, all the actions set forth in the caption and Appendix thereof (which does not include Strank v. C.B. Fleet Holding Co., Inc.,

Index No. 101324/2005 (New York County)), and any other Fleet Phospho Soda Actions that were filed as of the date of the Decision and Order and that remain active but that were not included in the caption or Appendix thereof and that are transferred to this County pursuant to the Decision and Order, and any other such Actions as may be filed and transferred subsequent to the date of the Decision and Order shall be assigned to Justice Friedman for purposes of the coordination.

Neurontin Cases

9. All cases seeking damages for personal injury or wrongful death alleged to have occurred as a result of the ingestion of the prescription medication Neurontin ("Neurontin Actions") that are currently pending in the Supreme Court, Civil Branch, New York County or that shall hereafter be commenced in this County shall be assigned to Hon. Marcy S. Friedman for the purpose of coordination as set forth below and for all other purposes.

10. In addition, the Litigation Coordinating Panel, by Decision and Order dated March 31, 2006 in the matter of Delaney v. Pfizer, Inc., Index No. 117852/2004 (New York County), Panel Case No. 0002/2006, has directed that Neurontin Actions shall be coordinated pursuant to Uniform Rule 202.69 in the Supreme Court of the State of New York, County of New York, before a Coordinating Justice of that county. Justice Friedman is hereby designated the Coordinating Justice for the coordination directed by the Panel in the said Decision and Order.

11. Pursuant to the Decision and Order of the Panel, all the actions set forth in the caption and Appendix thereof, and any other Neurontin Actions that were filed as of the date of the Decision and Order and that remain active but that were not included in the caption or Appendix thereof and that are transferred to this County pursuant to the Decision and Order, and any other such Actions as may be filed and transferred subsequent to the date of the Decision and Order shall be assigned to Justice Friedman for purposes of the coordination.

All Cases

12. A Request for Judicial Intervention shall be filed in every case covered by this Order. In cases that are transferred to this County from another for the purpose of coordination, an RJI shall be issued by the Clerk without fee if a party has already paid for an RJI in another County. The Clerks of the relevant back offices shall assign or reassign the cases covered by this Order, those pending or hereafter filed here and those transferred to this County from another County for coordination as set forth above. Attorneys who hereafter file in this court any of the kinds of matters set forth above or who effect transfer of any such

matters to this court for coordination as directed by the Litigation Coordinating Panel in any of the Decisions and Orders set forth above shall identify on the Request for Judicial Intervention the kind of case involved (e.g., Neurontin Action) and shall attach to the RJI a copy of this Administrative Order.

Dated: New York, New York

April 14, 2006

Hon. Jacqueline W. Silbermann
Administrative Judge

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years old and not a party to this action. On the 8th day of February, 2008, I caused to be served a true copy of the foregoing Pfizer Defendants' REQUEST FOR JUDICIAL INTERVENTION on the following counsel by U.S. mail:

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607

the address designated by said attorney for that purpose. Service was completed by depositing a true copy of same, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service.

Luke K. Tamura

Sworn to before me this
8th day of February, 2008

Notary Public

TARSHA THOMPSON
Notary Public, State of New York
No. 01TH6058309
Qualified in Bronx County
Commission Expires May 7, 2011

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years and not a party to this action. On the 11th day of February, 2008, I caused to be served a true copy of the foregoing Pfizer Defendants' REQUEST FOR JUDICIAL INTERVENTION on counsel by overnight delivery at the following address:

Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004

the address designated by said attorney for that purpose. Service by overnight delivery was completed by depositing a true copy of same enclosed in a properly addressed wrapper into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery.

Luke K. Tamura

Sworn to before me this
13th day of February, 2008

Notary Public

JEROME McCAIN
Notary Public, State of New York
No. 01MC5050517
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires December 11, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| IN RE: NEW YORK BEXTRA AND CELEBREX PRODUCT LIABILITY LITIGATION | Index No. 762000/06 |
| DEAN SANTACROSE, Plaintiff, -against- PFIZER INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC., Defendants. | Index No. 111290/06<br>STIPULATION OF DISMISSAL WITH PREJUDICE AGAINST PFIZER DEFENDANTS |

002684

ELECTRONIC FILING
FILED
MAR 06 2008
NEW YORK COUNTY CLERK'S OFFICE

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-entitled action through their respective attorneys, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of this action, all claims asserted against Pfizer Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company ("Pfizer Defendants") in the Complaint in the above-entitled action are dismissed with prejudice and without costs to any of the parties as against the other. This Stipulation may be filed without further notice with the

Clerk of the Court A facsimile copy of this Stipulation shall have the same effect as the original.

Dated: New York, New York
March 5, 2008

LAW OFFICE OF RONALD R. BENJAMIN

By: [signature]
Ronald R. Benjamin
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
607-772-1442

*Attorneys for Plaintiff*

DLA PIPER US LLP

By: [signature]
Christopher M. Strongosky
Tiffany L. Christian
1251 Avenue of the Americas
New York, NY 10020-1104
212-335-4500

*Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: ______________________
Vilia B. Hayes
One Battery Park Plaza
New York, NY 10004-1482
212-837-6000

*Attorneys for Merck & Co., Inc.*

Clerk of the Court. A facsimile copy of this Stipulation shall have the same effect as the original.

Dated: New York, New York
March 4, 2008

LAW OFFICE OF RONALD R. BENJAMIN

By: ______________________
Ronald R. Benjamin
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
607-772-1442

*Attorneys for Plaintiff*

DLA PIPER US LLP

By: ______________________
Christopher M. Strongosky
Tiffany L. Christian
1251 Avenue of the Americas
New York, NY 10020-1104
212-335-4500

*Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: Vilia B. Hayes
Vilia B. Hayes
One Battery Park Plaza
New York, NY 10004-1482
212-837-6000

*Attorneys for Merck & Co., Inc.*

COURTESY COPY
Original E-filed as
Document # 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| IN RE: NEW YORK BEXTRA AND CELEBREX PRODUCT LIABILITY LITIGATION | Index No. 762000/06 |
| DEAN SANTACROSE,<br>Plaintiff,<br>-against-<br>PFIZER INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,<br>Defendants. | Index No. 111290/06<br>FILED<br>APR 09 2008<br>COUNTY CLERK'S OFFICE<br>NEW YORK<br>STIPULATION OF DISMISSAL WITH PREJUDICE AGAINST PFIZER DEFENDANTS |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-entitled action through their respective attorneys, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of this action, all claims asserted against Pfizer Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company ("Pfizer Defendants") in the Complaint in the above-entitled action are dismissed with prejudice and without costs to any of the parties as against the other. This Stipulation may be filed without further notice with the

Clerk of the Court. A facsimile copy of this Stipulation shall have the same effect as the original.

Dated: New York, New York
March 5, 2008

LAW OFFICE OF RONALD R. BENJAMIN

By: ____________________
Ronald R. Benjamin
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
607-772-1442

*Attorneys for Plaintiff*

DLA PIPER US LLP

By: ____________________
Christopher M. Strongosky
Tiffany L. Christian
1251 Avenue of the Americas
New York, NY 10020-1104
212-335-4500

*Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: ____________________
Vilia B. Hayes
One Battery Park Plaza
New York, NY 10004-1482
212-837-6000

*Attorneys for Merck & Co., Inc.*

Clerk of the Court. A facsimile copy of this Stipulation shall have the same effect as the original.

Dated: New York, New York
March 4, 2008

LAW OFFICE OF RONALD R. BENJAMIN

By: ______________________
Ronald R. Benjamin
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
607-772-1442

*Attorneys for Plaintiff*

DLA PIPER US LLP

By: ______________________
Christopher M. Strongosky
Tiffany L. Christian
1251 Avenue of the Americas
New York, NY 10020-1104
212-335-4500

*Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: Vilia B. Hayes
Vilia B. Hayes
One Battery Park Plaza
New York, NY 10004-1482
212-837-6000

*Attorneys for Merck & Co., Inc.*

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: HON. SHIRLEY WERNER KORNREICH PART 54

Justice

Index Number : 111290/2006

**SANTACROSE, DEAN**

vs.

**PFIZER**

SEQUENCE NUMBER : # 001

DISMISS

INDEX NO. 111290-06

MOTION DATE

MOTION SEQ. NO. #001

MOTION CAL. NO.

read on this motion to/for

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

**Cross-Motion:** ☐ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion is withdrawn.

FILED

NYS SUPREME COURT REVIEWED APR 11 2008 E-FILING DEPT.

RECEIVED APR 09 2008 IAS MOTION SUPPORT OFFICE

APR 09 2008 COUNTY CLERK'S OFFICE NEW YORK

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: 4/7/08

HON. SHIRLEY WERNER KORNREICH

J.S.C.

Check one: ☐ FINAL DISPOSITION ☐ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST ☐ REFERENCE

MNAI